**William C. LUCAS, Plaintiff-Appellant,**

**v.**

**FIRESTONE TIRE AND RUBBER COMPANY, Defendant-Appellee.**

No. 71-3187.

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 17, 1972.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

**496**

Arthur T. Boone, Elmer Norton, Jacksonville, Fla., for plaintiff-appellant.

Fred H. Kent, Jr., Kent, Durden & Kent, William L. Durden, Jacksonville, Fla., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

BELL, Circuit Judge:

This appeal is from a summary judgment entered in favor of the defendant Firestone in a diversity suit for damages arising out of an accident allegedly caused by a defective tire. The cause of action is couched in terms of breach of an implied warranty that the tire was fit for its intended use. Fla.Stat. § 672.2–314, F.S.A.

The undisputed facts before the court at the time the summary judgment was granted were as follows. Plaintiff owned a GMC tractor-trailer. He purchased two new tires from a store owned by defendant and the tires were installed on the two front wheels of the tractor. On the next day, and after the tractor-trailer had been driven a distance of only some four hundred miles, one of the new tires suddenly deflated. Plaintiff testified by deposition that he could hear the noise of the air escaping from the tire. The tractor-trailer was being driven on a straight and level portion of an interstate highway at the time at a speed of 60 to 65 miles per hour. Plaintiff lost control of the vehicle because, as he contended, of the tire deflating. The result was that the vehicle ran off the highway and crashed into an interstate highway sign.

Plaintiff stated that the tire did not hit an object on the highway prior to deflating. He also stated that he and a state patrolman immediately after the accident looked in vain for something on the highway which could have been hit by the tire.

The rub came into the case when plaintiff made the following admission:

". . . that the plaintiff is unable to produce any evidence by a qualified expert that the tire described in his complaint was defective as alleged in said complaint."

At this point, the court granted summary judgment for defendant.

■ Ordinarily, in a diversity case where a question of state law is unsettled, we place considerable stock in the views of a district judge on questions of law peculiar to his State. Petersen v. Klos, 5 Cir., 1970, 433 F.2d 911; C. H. Leavell & Company v. Board of Commissioners of Port of New Orleans, 5 Cir., 1970, 424 F.2d 764; Freeman v. Continental Gin Company, 5 Cir., 1967, 381 F.2d 459. See also Wright, Federal Courts 240 (1970). Here, however, we are not favored with the views of the

district court. We must therefore make the initial determination as to the state of the Florida law governing breach of implied warranty cases as that law applies to the question presented, i. e., whether plaintiff must introduce the testimony of an expert that the tire was defective.

 Our effort in this regard is somewhat simplified by the fact of our own decision in Vandercook and Son, Inc. v. Thorpe, 5 Cir., 1968, 395 F.2d 104. There the issue, as here, was breach of implied warranty. Plaintiff's hand was crushed by a printing press manufactured by defendant. We found an ample basis for submission of the issue to the jury from evidence of the following types: (1) a virtually new printing press; (2) a malfunction of the press; (3) no previous malfunction; (4) no departure from intended use; (5) proper maintenance; and (6) no intervening repairs or adjustments. This evidence tended to exclude or negative any reason for the malfunction other than a mechanical or design defect but pointed to no specific defect. The defendant used expert witnesses to demonstrate what might have caused the malfunction but no specific defect was found. They did narrow the cause of the malfunction to suggestions of lack of lubrication of the clutch or the presence of dirt in the clutch. Thus, there was clear evidence of a malfunction and only suggestions as to the defect causing the malfunction. We held that these facts might serve as a basis for an inference that the clutch to the press was defective either mechanically or in design.

The facts here make at least a disputed issue as to whether there was a malfunction. What caused the malfunction, if there was a malfunction, will depend on the resolution of the factual issues, a point not yet reached in the proceedings.

We go no further than holding under *Vandercook* that it was improper to grant summary judgment. There is no burden on plaintiff to prove a specific defect by an expert witness as distinguished from other proof. The fact of a malfunction and also of a defect may be proven by direct or circumstantial evidence. Holcomb v. Cessna Aircraft Company, 5 Cir., 1971, 439 F.2d 1150, 1155. See also the discussion in Alman Brothers Farms & Feed Mill, Inc. v. Diamond Laboratories, Inc., 5 Cir., 1971, 437 F.2d 1295, on the dimension of the requirement in a products liability case that plaintiff prove a specific defect in the product causing him injury.

Reversed and remanded for further proceedings not inconsistent herewith.