Virgil Underwood THOMPSON, Plaintiff,

v.

F. W. WOOLWORTH COMPANY, O. F. Mossberg & Sons, Inc., and E-Z Mount Corporation, Defendants.

No. DC 78–143–OS–P.

United States District Court,
N. D. Mississippi,
Delta Division.

Jan. 15, 1981.

See also, D.C., 508 F.Supp. 520.

Charles M. Merkel, Holcomb, Dunbar, Connell, Merkel, Tollison & Khavat, Clarksdale, Miss., for plaintiff.

Claude L. Stuart, III, Campbell & DeLong, Greenville, Miss., for F. W. Woolworth Co.

Charles S. Tindall, III, Lake, Tindall, Hunger & Thackston, Greenville, Miss., for O. E. Mossberg & Sons.

William O. Luckett, Luckett, Luckett, Luckett & Thompson, Clarksdale, Miss., for E-Z Mount Corp.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action sub judice is before the court on motion to dismiss for lack of in personam jurisdiction by defendants O. F. Mossberg & Sons, Inc. (hereinafter referred to as "Mossberg"), and E-Z Mount, Corporation (hereinafter referred to as "E-Z Mount").

The underlying facts necessary for an adjudication of the issue presented by the

motions are undisputed. Plaintiff, Virgil Underwood Thompson, is now and has been at all pertinent times, a resident citizen of the State of Tennessee. Plaintiff purchased a Mossberg shotgun, two boxes of shotgun shells and an E-Z Mount gunrack from a Woolco store, owned and operated by defendant F. W. Woolworth Company (hereinafter referred to as "Woolworth's"), on Jackson Avenue, in Memphis, Tennessee. Plaintiff and his brother subsequently installed the gunrack in a Winnebago, owned by plaintiff, at plaintiff's home in Memphis. In December 1974, as plaintiff was driving the Winnebago down Jackson Avenue in Memphis, with the gun in the gunrack, the Winnebago struck a pothole in the street, causing the gun to fall from the rack. The gun discharged, hitting plaintiff's right ankle. Plaintiff was treated for his injuries in Memphis. Plaintiff seeks to recover damages on account of his injuries from Woolworth, the seller, Mossberg, the manufacturer of the gun, and E-Z Mount, the manufacturer of the gunrack, asserting liability because of alleged defects in the gun and gunrack.

As stated, plaintiff is a non-resident of Mississippi. Defendants Mossberg and E-Z Mount are corporations foreign to the State of Mississippi. Neither of them has qualified to do business in Mississippi pursuant to a certificate of authority. The action is not related, in any way, to Mississippi. Defendants Mossberg and E-Z Mount have no connection with Mississippi, unless it can be said they do business within the state without a certificate of authority.

Service of process was accomplished by use of Mississippi's long-arm statute, Miss. Code Ann. § 13–3–57 (1972); plaintiff alleging that Mossberg and E-Z Mount are doing business in Mississippi without qualifying to do so pursuant to Mississippi law.

■ The sole question for the court's decision is whether the service of process on defendants Mossberg and E-Z Mount pursuant to Mississippi's long-arm statute, confers in personam jurisdiction of the court over said defendants for the purpose of this action.

This court has held in a number of cases that the state's long-arm statute, prior to the 1980 amendment, could not be utilized by a nonresident plaintiff to gain in personam jurisdiction over a nonresident defendant in an action, the basis of which occurred in another state. *F. L. Crane Company v. Cessna Aircraft Company*, 73 F.R.D. 384 (N.D.Miss.1976); *McAlpin v. James McKoane Enterprises, Inc.*, 395 F.Supp. 937 (N.D.Miss.1975); *American International Pictures, Inc. v. Morgan*, 371 F.Supp. 528 (N.D.Miss.1974); and *Ryan v. Glenn*, 52 F.R.D. 185 (N.D.Miss.1971).

The long-arm statute, *supra*, was amended in the 1980 Session of the Mississippi Legislature, by Ch. 437, Laws 1980. The amendment authorizes service of process through the office of the Secretary of State on any nonresident or foreign corporation not qualified under the Constitution and Laws of Mississippi to do business in the state "who shall commit a tort in whole or in part in this state against a resident *or nonresident* of this state." (Emphasis reflects the only change in the statute by the amendment.)

The only significance the amendment has to the determination of the question before the court, is that the amendment demonstrates that members of the legislature were aware of prior judicial interpretations of the statute.

■ The 1980 amendment creates a right in nonresidents to make use of the statute only where the tort is committed in whole or in part in this state. Otherwise, the statute remains the same. This amendment strengthens the court's view that a nonresident may not use the statute as a vehicle to bring suit in the courts of this state against nonresidents or foreign corporations not qualified under the constitution and laws of this state to do business in the state when the incidents giving rise to the cause of action occur outside of Mississippi.

The view of the statute heretofore taken by this court, has been recognized and accepted by the United States Court of Appeals for the Fifth Circuit. *See Wash-*

*ington v. Norton Mfg., Inc.*, 588 F.2d 441, 444–45 (5th Cir. 1978); and *Breeland v. Hide-A-Way Lake, Inc.*, 585 F.2d 716, 720–21 (5th Cir. 1978)

In *Washington*, Judge Coleman said:

Washington's initial effort to obtain jurisdiction over Norton failed because the Mississippi "long arm" statute cannot be invoked by a non-resident plaintiff to establish jurisdiction over a corporation which is merely "doing business" within Mississippi. We have recently considered this statute at length and have upheld it against constitutional attack. *Breeland v. Hide-A-Way Lake, Inc.*, 5 Cir., 585 F.2d 716 (1978).

588 F.2d at 444–5.

Judge Tjoflat, speaking for the court in *Breeland,* said:

The amenability of a nonresident defendant to a diversity action in a federal district court is governed by the law of the forum state. Accordingly, a district court may exercise in personam jurisdiction over a foreign defendant only if a state court could do so in the proper exercise of state law, including the state's long-arm statute.

585 F.2d at 719.

Judge Tjoflat continues,

Neither the briefs of the parties nor our own research indicate that these precise questions have been resolved by the Supreme Court of Mississippi. But existing Mississippi case law, as well as the decisions of the federal district courts in Mississippi, strongly suggest that the appellants' positions are without merit.

.    .    .    .    .

The federal district courts confronted with this question have almost uniformly held that the Mississippi long-arm statute is not available to a nonresident plaintiff in a diversity action against a nonresident defendant.

585 F.2d at 720.

Judge Tjoflat's observation in *Breeland* that the Supreme Court of Mississippi has not resolved the precise question there under consideration and here presented, continues to be true unless the Mississippi Supreme Court has resolved the question by its recent decision in *Arrow Food Distributors, Inc. v. Lane*, 361 So.2d 324 (Miss.1978).

The decision in *Arrow Food*, was handed down July 12, 1978. Rehearing was denied August 28, 1978. The decision in *Breeland* was released November 17, 1978. Judge Tjoflat did not discuss *Arrow Food*. The decision evidently was not brought to the attention of the panel.

*Arrow Food* involved a nonresident attachment in chancery, a procedure authorized by Title 11, Chapter 31, Miss.Code Ann. (1972) §§ 11–31–1 et seq. The chapter authorizes suits against nonresidents or absconding debtors who have property in this state or effects in the hands of persons residing in this state. The statute enures to the benefit of nonresident plaintiffs. Such an action is commenced by filing a Bill of Complaint in the Chancery Court. The nonresident and persons in the state holding effects of the nonresident are made defendants. The nonresident is served with process by publication of the summons. Effects in the hands of resident defendants are bound and held as security for the nonresident's obligation. Miss.Code Ann. § 11–31–9 (1972).

The action is essentially one in rem, but the action may proceed in personam against the nonresident debtor if summons has been personally served or if the nonresident debtor enters an appearance in the action. Miss.Code Ann. § 11–31–1 (1972).

The right of action against Arrow Food had its genesis in a head-on collision occurring in the State of Louisiana between the refrigerator truck of Arrow Food and an automobile driven by William F. Riley, Jr., a Mississippi citizen. Riley suffered extensive, serious, painful and permanently disabling injuries. A Louisiana resident was appointed as conservator of Riley's estate.

The conservator filed the attachment in Chancery against Arrow Food, and several residents of Mississippi who were indebted to Arrow Food. Service of process was had upon Arrow Food by service on the Secre-

tary of State, pursuant to the Mississippi long-arm statute.

The action was removed to the United States District Court for the Southern District of Mississippi, where it was thereafter remanded to the Adams County Chancery Court. The case was tried in the State Court, resulting in a substantial recovery for plaintiff, conservator, for the benefit of his ward. The judgment was affirmed by the Mississippi Supreme Court. A petition for a Writ of Certiorari was denied by the United States Supreme Court. *Arrow Food Distributors, Inc. v. Lane*, 439 U.S. 962, 1073, 99 S.Ct. 447, 58 L.Ed.2d 420 (1978).

The details of *Arrow Food* are not essential to the court's determination of the issue here presented and will not be set forth in detail in this memorandum.

It is sufficient to make reference to certain circumstances existing in *Arrow Food* which distinguishes it from the action sub judice. The tort in *Arrow Food* was committed against a Mississippi resident, William F. Riley, Jr. Here, the tort, if any was committed against a Tennessee resident. In *Arrow Food*, the tort occurred in Louisiana, the person injured being a Mississippi resident, who, at the time, was driving an automobile on a Louisiana highway. The economic loss was suffered in Mississippi by a Mississippi resident. Here, the loss was suffered by a Tennessee resident in Tennessee.

In *Arrow Food*, the refrigerator truck causing the injury was on a mission to make a delivery of merchandise to Mississippi buyers in Mississippi. The action sub judice contains no comparable fact or circumstance. The action sub judice is an action at law in tort. In *Arrow Food*, the action was one of attachment in Chancery wherein effects situated in Mississippi, in the hands and under the control of Mississippi residents, were seized by the court's process and a lien established thereon.

The *Arrow Food* court, quoting from *Vicksburg S. & P.R. Co. v. Forcheimer*, 113 Miss. 531, 74 So. 418 (1917), said:

In our opinion section 13–3–57 and 79–1–27 must be read together, construed together and harmonized one with the other. When this is done and full meaning is given to the language used in each section, it is clear to us that 13–3–57 complements 79–1–27 in furthering the state's avowed policy as expressed in *Vicksburg S. & P.R. Co. v. Forcheimer, supra*, to "open the door" of our Mississippi courts to foreign corporations found doing business in this State to sue and be sued here on all bona fide causes of action.

361 So.2d at 327.

The above and foregoing quotations from *Arrow Food* were unnecessary for a decision on the issue of in personam jurisdiction. The *Arrow Food* court held that Arrow Food had waived any asserted defect in the jurisdiction by entering a general appearance.

The court does not accept *Arrow Food* as being decisive of the issue here presented. The legislature has provided a means through which a nonresident may bring a tort action in a Mississippi Court against a nonresident or foreign corporation not qualified to do business in Mississippi, but only where the tort is committed in whole or in part in Mississippi. Miss.Code Ann. § 13–3–57 (1972), as amended July 1, 1980.

█ The action sub judice has no relationship to Mississippi. It would be absurd for the court to hold that the long-arm statute, as amended, affords a Mississippi forum for any nonresident having a cause of action against a nonresident or foreign corporation not qualified to do business in Mississippi, simply because that nonresident or foreign corporation happens to conduct some business in Mississippi, albeit unrelated to the cause of action. To so hold would permit a nonresident to use the Mississippi forum for any suit against a nonresident who happens to transact some business in Mississippi, regardless of whether Mississippi has any connection whatsoever to the cause of action. Obviously, this was not the intent of the Mississippi legislature in enacting section 13–3–57.

The court finds that the motions of Mossberg and E-Z Mount must be sustained. The appropriate orders will be entered by the court.