**Marjorie L. GOLDEN,
Plaintiff-Appellant,**

v.

**COX FURNITURE MANUFACTURING COMPANY, INC., Defendant-Appellee.**

No. 81–4529
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 28, 1982.

Rehearing and Rehearing En Banc
Denied Aug. 31, 1982.

---

Paul Kelly Loyacono, Vicksburg, Miss., William A. Pyle, Jackson, Miss., for plaintiff-appellant.

Jackson Henderson Ables, III, Jackson, Miss., for defendant-appellee.

Before GEE, RUBIN and JOHNSON, Circuit Judges.

PER CURIAM:

Service of process in this suit for personal injuries sustained in an automobile accident, filed originally in Mississippi state court and removed by the defendant to federal district court, was obtained under the Mississippi long-arm statute, Miss.Code Ann. § 13–3–57 (Supp.1981),[1] pursuant to

---

1. Section 13‑3‑57 provides in pertinent part:

   *Service when defendant is nonresident doing business in state—appointment of secretary of state as agent.*

   Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, ... who shall commit a tort in whole or in part in this state against a resident ... of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, ... or as an incident thereto, by any such nonresident or his, their or its agent, servant or employee.

   . . . .

   The doing of such business, or the engaging in any such work or service in this state, ... or the committing of such tort in this state, shall be deemed to be a signification of such nonresident's agreement that any process against it or its representative which is so served upon the secretary of state shall be of the same legal force and effect as if served on the nonresident at its principal place of business in the state or country where it is incor-

Fed.R.Civ.P. 4(d)(7). The district court dismissed the suit on the ground that, although the plaintiff was a Mississippi resident when the accident occurred, she was not a resident when suit was filed and, at that time, the Mississippi long-arm statute could be used against nonresident defendants only by a plaintiff who was a resident when suit was filed. The plaintiff appeals the dismissal as a misinterpretation of Mississippi law, and asserts in the alternative that the defect in service of process was waived. Affirming the district court's interpretation of the Mississippi statute, we find that service of process was not properly made but we conclude that the defect has been waived and that, consequently, the district court has jurisdiction.

## I

■ The suit was filed in the Circuit Court of Hinds County, Mississippi, in February 1978, and removed to the United States District Court for the Southern District of Mississippi on the ground of diversity.[2] The plaintiff, Marjorie L. Golden, who was then a resident of Arkansas,[3] sued three defendants: Cox Furniture Manufacturing Company, Inc. ("Cox"), a Louisiana corporation not qualified to do business in Mississippi; Otto Buehler, a resident of Louisiana; and Maryland Casualty Company ("Maryland Casualty"), a Maryland corporation qualified to do business in Mississippi. Service on Cox was obtained in the manner provided by the Mississippi long-arm statute. Judgment has been rendered in favor of Maryland Casualty on the merits and the claim against Buehler has been abandoned. We, therefore, are here concerned only with whether jurisdiction was properly obtained over Cox.

The long-arm statute provisions at issue in this case permit a Mississippi resident to serve process on a defendant who (1) commits a tort in whole or in part in Mississippi against the resident,[4] or (2) performs any work or service in Mississippi. Courts have consistently held that a nonresident plaintiff cannot use these provisions of the long-arm statute to gain in personam jurisdiction over a nonresident defendant. *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 444–45 (5th Cir.), *cert. denied*, 442 U.S. 942, 99 S.Ct. 2886, 61 L.Ed.2d 313 (1979); *Breeland v. Hide-A-Way Lake, Inc.*, 585 F.2d 716, 719–21 (5th Cir. 1978), *modified on rehearing on other grounds*, 593 F.2d 22 (5th Cir. 1979) (per curiam); *Thompson v. F.W. Woolworth Co.*, 508 F.Supp. 522, 523 (N.D.Miss.1981); *Ryan v. Glenn*, 52 F.R.D. 185, 188 (N.D. Miss.1971). The thesis of these and similar decisions is that the statute is designed to protect and be used by only Mississippi residents. *See Breeland v. Hide-A-Way Lake, Inc.*, 585 F.2d at 720.

In all of these cases, however, the plaintiff was a nonresident both when his claim arose and when he filed suit. None concerned a plaintiff whose residency had changed in the interim. In an unreported decision, Judge Walter Nixon, United States District Judge for the Southern District of Mississippi, held that, under the long-arm statute, residency is determined by the residency of the parties when the suit is filed, not when the action accrues. *Gunter v. Acands, Inc.*, No. S80–0334(N) (S.D.Miss. July 8, 1980). The district judge in this case agreed with that decision.

■ We have often held that in diversity cases we will accord special deference to the decision of a federal district judge on the application of the law of the state in which

porated and according to the law of that state or country.

2. 28 U.S.C. §§ 1332, 1441(b) (1976).

3. She alleged in her complaint: "The Plaintiff, Marjorie L. Golden was, at the time the cause of action accrued, an adult, resident citizen of Warren County, Mississippi." This satisfied state court requirements and appears to us not to be deceptive or misleading as charged by

defendant's counsel. Indeed it seems to invite inquiry into her present abode.

4. This provision was amended in 1980 to include nonresident plaintiffs within its coverage. *See Thompson v. F. W. Woolworth Co.*, 508 F.Supp. 522, 523 (N.D.Miss.1981) (discussing 1980 Miss.Laws ch. 437). We need not discuss this amendment because Golden does not argue that it applies to her case.

he sits.[5] "This is especially so when 'a statutory scheme is less than clear and capable of varying interpretation.'"[6] We follow that rule here, for we assuredly have no greater insight than the district judge into the interpretation of the Mississippi statute, its words do not instruct otherwise, and we lack either the clairvoyance or the self-assurance that would enable us to say that we know better than he what lay in the mind of the Mississippi legislature.

## II

■ Whether there has been a waiver of the well-founded objection to service of process or personal jurisdiction, however, is to be decided by federal rules.[7] Golden argues that Cox waived its right to object to the court's jurisdiction because it voluntarily appeared, pleaded, and participated in the case without first asserting the defect in service of process.

■ Fed.R.Civ.P. 12(g) provides that a party who makes a motion under rule 12, but who "omits therefrom any defense or objection then available to him which [rule 12] permits to be raised by motion," may not thereafter "make a motion based on the defense or objection so omitted." It was on the basis of this provision that the district court found no waiver because Cox had not filed any motions under rule 12. The district court failed, however, to consider rule 12(h)(1), which provides in pertinent part: "A defense of lack of jurisdiction over the person ... or insufficiency of service of process is waived (A) if omitted from a [rule 12] motion in the circumstances described in [rule 12(g)], *or* (B) *if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof ....*" (Emphasis added.)

If a party does not make a motion under rule 12, he must include the defenses of insufficiency of service of process and lack of personal jurisdiction in his responsive pleading. "The penalty for failing to raise any of these defenses at this point is waiver." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1391, at 853 (1969). "Thus," the same authority states, "the message conveyed by the present version of Rule 12(h)(1) seems quite clear. It advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If he wishes to raise any of these defenses he must do so at the time he makes his first defensive move—whether it be a Rule 12 motion or a responsive pleading." *Id.* at 855; *see* 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 12.23 (2d ed. 1982). We have applied this rule under the very circumstances here presented. *See Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976); *Union Camp Corp. v. Dyal*, 460 F.2d 678, 684 (5th Cir.), *cert. denied*, 409 U.S. 849, 93 S.Ct. 56, 34 L.Ed.2d 90 (1972); *Stavang v. American Potash & Chem. Corp.*, 344 F.2d 117, 118–119 (5th Cir. 1965).

After removing the case, Cox filed a nine-page answer jointly with the other defendants on May 12, 1978. The answer asserts no deficiency in service of process or in personal jurisdiction over Cox although it does deny the allegations of the complaint in general and categoric fashion. Later, on February 1, 1979, Cox filed a motion, under 28 U.S.C. § 1404, to transfer the case to what it asserted was a more convenient forum, the Western District of Louisiana. In that motion Cox asserted: "The plaintiff, Marjorie L. Golden, is now and was at the time this civil action was filed an adult,

5. *O'Toole v. New York Life Ins. Co.*, 671 F.2d 913, 914 (5th Cir. 1982); *Robertshaw Controls Co. v. Pre-Engineered Prods. Co.*, 669 F.2d 298, 300 (5th Cir. 1982); *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 304 (5th Cir. 1982) (per curiam).

6. *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d at 304 (quoting *Black v. Fidelity & Guar. Ins. Underwriters, Inc.*, 582 F.2d 984, 987 (5th Cir. 1978)); *accord, Lucas v. Firestone Tire & Rub-*

ber Co., 458 F.2d 495, 496 (5th Cir. 1972); *United States v. County of Humboldt*, 628 F.2d 549, 551 (9th Cir. 1980).

7. *See Wright v. Yackley*, 459 F.2d 287, 291 n.9 (9th Cir. 1972); *Neifeld v. Steinberg*, 438 F.2d 423, 426 (3d Cir. 1971); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1343 (1969).

resident citizen of the State of Arkansas. She is domiciled at Malvern, Hot Springs County, Arkansas." Cox also asserted that no party to the action resides in Mississippi. In making its motion to transfer, Cox relied in part on its allegation that Golden "resides in Malvern, Arkansas, 260 miles from the seat of" the Mississippi federal court but "only 145 miles distant from the United States District Court in Monroe, Louisiana."

In response, Golden asserted that she was a resident of Mississippi when the cause of action arose, and "[t]he fact that she has since had to move to another jurisdiction is legally inconsequential as it was the residency of the parties at the time the cause of action arose which is important." On April 1, 1980, Golden filed an amended complaint stating that she was, "at the time the cause of action accrued, an adult, resident citizen of Warren County, Mississippi." On April 10, 1980, Cox again appeared jointly with Maryland Casualty and Buehler, filed an amended answer, and again did not allege improper service or lack of personal jurisdiction although the amended answer specifically states: "Th[e] defendants admit that at the time of the collision ... plaintiff was residing temporarily in Warren County, Mississippi.... Th[e] defendants further aver that at the time this cause of action was commenced the plaintiff was an adult resident citizen of the State of Arkansas." Cox later sought and obtained a protective order excusing it from answering interrogatories that were filed belatedly by the plaintiff. Cox also participated in depositions on August 7 and 18, 1980, and June 5, 1981.

On June 25, 1981, for the first time, Cox, jointly with the co-defendants, filed a motion to dismiss under rule 12 for improper service of process and lack of personal jurisdiction. The district court held that neither Cox's motion to transfer the case nor its motion for a protective order was a motion under rule 12 and that, therefore, Cox had not waived its right to invoke that rule.

Cox asserts that Golden's pleadings "suggested" she was a Mississippi resident, and that in its answers to the original and to the amended complaint it denied all of the jurisdictional and process allegations. Cox, therefore, contends both that it was misled by Golden and that it waived nothing. As our review of the record shows, these factual claims are patently unfounded. Golden's pleadings were not false and, as early as February 1, 1979, over a year before it sought dismissal, Cox was relying on Golden's residency in Arkansas as a basis for transfer of the case. Thereafter, it filed an amended answer, sought a protective order, and participated in depositions and other proceedings in the case.[8]

There is no merit to the claim that insufficient service of process and consequent lack of personal jurisdiction cannot be waived. *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1140 (5th Cir. 1980), *cert. denied*, 451 U.S. 1008, 101 S.Ct. 2345, 68 L.Ed.2d 861 (1981); *Skidmore v. Syntex Laboratories, Inc.*, 529 F.2d 1244, 1248 n.3 (5th Cir. 1976).[9] Cox contends alternatively that the issues raised are now moot because of the decision reached on the merits in the trial against Maryland Casualty, or because of other, collateral proceedings, and that Golden is now estopped from litigating these issues. These contentions, however, should first be raised in and ruled on by the district court.

For these reasons, the judgment of dismissal is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

---

**8.** *Cf. SEC v. Carriba Air, Inc.*, 516 F.Supp. 120, 127 (N.D.Ga.1980) ("appearance of counsel at each of the prior hearings [and] the filing of pleadings, briefs and other documents with the Court").

**9.** *See Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254, 1261 (1960); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 699 700 (6th Cir. 1978).