Mary Ezell COWAN, Individually and as Community Survivor of the Estate of Earl Cowan, Deceased, and on behalf of the heirs at law of Earl Cowan, Boyce Wayne Cowan, Earline Tennison, and Clifford Dale Cowan, Plaintiffs-Appellants,

v.

**FORD MOTOR COMPANY,** Defendant-Appellee.

No. 82–4107.

United States Court of Appeals, Fifth Circuit.

Aug. 12, 1983.

Melvin & Melvin, Leonard B. Melvin, Jr., Laurel, Miss., Ament, Dixon & Richards, Robert Wm. Richards, John S. Ament, Jacksonville, Tex., for plaintiffs-appellants.

Watkins & Eager, Michael W. Ulmer, Jackson, Miss., for defendant-appellee.

Appeal from the United States District Court for the Southern District of Mississippi.

## ON SUGGESTION FOR REHEARING EN BANC

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Treating the Suggestion for Rehearing En Banc as a Petition for Panel Rehearing:

This diversity suit, filed in federal district court in the southern district of Mississippi, arises from a fatal accident which occurred in Texas. Neither the decedent nor any of the parties is a resident of Mississippi. Defendant, Ford Motor Company, however, is expressly authorized to do business in Mississippi, is actually doing business, and has designated a resident agent for service of process, on whom process was indeed served. The federal district court declined to assume jurisdiction and dismissed the case.

In our original opinion, *Cowan v. Ford Motor Co.,* 694 F.2d 104 (5th Cir.1982), we held that under Mississippi law the Mississippi courts would have jurisdiction over the cause of action. Accordingly, the district court, sitting in diversity, had jurisdiction as well, and had no discretion to decline to exercise it. We further held that Mississippi's assertion of jurisdiction was not offensive to due process.[1] Ford now asks us to reconsider our decision.

As to the federal questions involved, we adhere to our original views and reject the new arguments advanced by Ford. We decide those questions in favor of the appellees, the Cowans. Recent Mississippi case law indicates, however, that this cause of action may be barred under the Mississippi borrowing statute, Miss.Code Ann. 15–1–65. Accordingly, we certify a single question to the Mississippi Supreme Court.

*Federal Questions in a Mississippi Case*

■ For the first time, on suggestion for rehearing en banc, Ford argues that the district court's decision to decline to exercise jurisdiction over the Cowans' cause of action is justified by the federal doctrine of *forum non conveniens,* as expressed in *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and *Piper Aircraft Company v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).[2] Because that doctrine no longer applies to a case such as this, where the possibly more convenient forum is another federal district court to which transfer is possible under 28 U.S.C. § 1404(a), we reject Ford's argument.

The federal doctrine of *forum non conveniens* was fully enunciated in *Gilbert.* The plaintiff in *Gilbert* was a resident of Lynchburg, Virginia, who brought suit for an alleged tort in federal district court in New York. The cause of action arose in Virginia. The defendant, Gulf Oil, was a corporation organized under the laws of Pennsylvania, and qualified to do business in both Virginia and New York. In each state, Gulf had designated a state official as agent to receive service of process. Reversing the Second Circuit, the Supreme Court held that the district court had acted properly in dismissing the plaintiff's suit on *forum non conveniens* grounds.

■ In *Gilbert,* the Court stated that application of the *forum non conveniens*

---

1. Our opinion is discussed in 53 Miss.L.J. 369 (1983).

2. Ford offers no explanation for its strange failure to argue or even allude to this issue in its original brief to this Court. Apparently, its jurisdictional arguments having failed, Ford had a better idea.

doctrine "presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them." 330 U.S. at 506–07, 67 S.Ct. at 842, 91 L.Ed. at 1061. At the outset, the district court must determine whether an alternative forum exists. Once the existence of an alternative forum has been established, the court, exercising its discretion, must balance and consider both the private interests and public interests at stake in the choice of forum.[3] "The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 330 U.S. at 508, 67 S.Ct. at 843, 91 L.Ed. at 1062. Once the court has considered and reasonably balanced the relevant factors, its decision is reviewable only for abuse of discretion. *Piper Aircraft,* 454 U.S. at 257, 102 S.Ct. at 266, 70 L.Ed.2d at 436.

■ As *Piper Aircraft* illustrates, the doctrine of *forum non conveniens,* as set out in *Gilbert,* remains good law so long as the possible alternative forum is a state or foreign court. 28 U.S.C. § 1404(a) provides, however,

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

With its enactment in 1948, § 1404(a) superseded the common law doctrine of *forum non conveniens* insofar as transfer to another federal district court is possible. As the Supreme Court pointed out in *Norwood v. Kirkpatrick,* "the harshest result of the application of the old doctrine of *forum non conveniens,* dismissal of the action, was eliminated by the provision in § 1404(a) for transfer." 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789, 793. *See also Hoffman v. Blaski,* 363 U.S. 335, 342, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254, 1261; *Headrick v. Atchison, T. & S.F. Ry. Co.,* 182 F.2d 305 (10th Cir.1950); *Burges v. Proctor & Gamble Defense Corp.,* 172 F.2d 541 (5th Cir. 1949); 1 J. Moore, Moore's Federal Practice ¶ 0.145[3.–1][5] (2d ed. 1983).

■ Our examination of the record fails to show that *forum non conveniens a la Gilbert* was relied upon or even argued as grounds for dismissal of the suit. It is clear, however, that suit might have been brought in federal district court in the eastern district of Texas[4] (where plaintiffs resided) and that § 1404(a) therefore would preclude dismissal on common law *forum non conveniens* grounds.[5]

3. *Gilbert's* discussion of the relevant private and public interest factors was summarized and reaffirmed in *Piper Aircraft.*

The factors pertaining to the private interests of the litigants included the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' *Gilbert,* 330 U.S. at 508, 91 L.Ed. 1055, 67 S.Ct. 839 [at 843]. The public factors bearing on the question included the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of

unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.,* at 509, 91 L.Ed. 1055, 67 S.Ct. 839 [at 843].
454 U.S. at 241, n. 6, 102 S.Ct. at 258, n. 6, 70 L.Ed.2d at 427.

4. As the Supreme Court indicated in *Van Dusen v. Barrack,* a federal district court may be considered to be one in which suit "might have been brought," even though the suit potentially would have been barred by the statute of limitations if originally instituted in the transferee state, so long as jurisdictional and venue requirements would have been satisfied. 376 U.S. 612, 621–22, 84 S.Ct. 805, 810–11, 11 L.Ed.2d 945, 952–53 (1964).

5. No motion for transfer was before the district court.

■ Ford contends that Mississippi should not be a "national dumping ground" for "stale lawsuits." We agree with that proposition. We point out, however, that § 1404(a) allows for the transfer of causes of action to other federal districts "for the convenience of parties and witnesses, in the interest of justice." We trust the federal district courts of Mississippi wisely to exercise their discretion in making such transfers when appropriate.[6] We also point out that it is Mississippi, not us, which is responsible for granting or denying its courts jurisdiction over Ford under these factual circumstances.

■ Ford continues to maintain that due process is violated by Mississippi's exercise of jurisdiction over this case. We still see no constitutional violation. Judging by its enthusiastic endorsement of *Headrick, supra,* in *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), we are convinced that the Supreme Court agrees with our view. *Headrick* was a case virtually identical to this one. The plaintiff, a Missouri citizen, filed suit in New Mexico state court against the Atchison, Topeka & Santa Fe Railway Company, a Kansas corporation, for injuries received in a bus operated by the railroad in California. As with Ford in Mississippi, the railroad was doing business and was amenable to process in New Mexico. The plaintiff "frankly stated" that he had chosen New Mexico as the forum because only in that state would he "not be confronted with the defense of the statute of limitations." *Headrick,* 182 F.2d at 311.

The defendant removed the case to federal district court. It then moved to have the case dismissed or, in the alternative, trans-

ferred to federal district court in California pursuant to § 1404(a). The judge dismissed, reasoning that transfer would be futile because the suit would be barred by the California statute of limitations.

The Tenth Circuit reversed. It held that the district court erred in assuming that the California statute of limitations would apply upon transfer, as the case would properly remain "a New Mexico case still controlled by the law and policy of that state." 182 F.2d at 310. The Court observed, moreover, that Headrick "had a legal right to select any forum where the defendant was amenable to process." *Id.* at 309.

*Van Dusen* explicitly approved *Headrick*'s holding that when the defendant in a diversity suit successfully moves for transfer of venue under § 1404(a), the transferee federal court must apply the law and policy of the transferor state. The Court, moreover, recited the relevant facts in *Headrick,* stated that *Headrick* had faithfully and correctly interpreted § 1404(a), and quoted extensively from the Tenth Circuit's opinion— including its statement that the plaintiff had a legal right to select New Mexico as the forum for filing suit. 376 U.S. at 631–32, 84 S.Ct. at 817, 11 L.Ed.2d at 958–59. The Supreme Court saw no constitutional due process problem in the state's exercise of jurisdiction in *Headrick,* and would see none here.

Thus, before setting forth the question to be certified, we dispose finally of the federal questions presented. *See Martinez v. Rodriguez,* 394 F.2d 156 (5th Cir.1968). We answer those questions in favor of the Cowans.

> [I]n cases ... where the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change in courtrooms. 376 U.S. at 639, 84 S.Ct. at 821, 11 L.Ed.2d at 962–63.

---

**6.** If the case is in fact transferred to another federal district court pursuant to a motion by Ford under § 1404(a), the transferee court must act as would the transferor court and follow Mississippi choice-of-law rules. This choice included the decision as to whether the case is governed by the Mississippi statute of limitations. *Van Dusen, supra; Ellis v. Great Southwestern Corp.,* 646 F.2d 1099, 1107–08 (5th Cir.1981); *Loughan v. Firestone Tire & Rubber Co.,* 624 F.2d 726 (5th Cir.1980). As the Supreme Court explained in *Van Dusen,*

[redacted]

*We Look to Mississippi*

Ford now contends, *inter alia,* that the case should be dismissed by virtue of Miss. Code Ann. § 15–1–65, *citing Vick v. Cochran,* 316 So.2d 242, 246 (Miss.1975). That statute provides:

> **§ 15–1–65. Action barred in another jurisdiction barred here.**
>
> When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state and country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state.

[redacted] Although this question was addressed in the earlier part of this century, *see Louisiana & Mississippi R. Transfer Co. v. Long,* 159 Miss. 654, 131 So. 84 (1930),[7] there is some indication that this may not be the contemporary view of the Mississippi Supreme Court. *See Vick,* 316 So.2d at 246. Thus, the issue presents an important question of Mississippi jurisprudence which appears unsettled and therefore appropriate for certification under the procedure authorized by Mississippi Supreme Court Rule 46. Our final disposition of the case awaits the decision of that Court.[8]

This Court certifies the following question of law for the Supreme Court of the State of Mississippi for decision pursuant to Rule 46.[9]

> May a nonresident plaintiff utilize Mississippi's courts to sue a foreign corporation qualified to do business and actually doing business in Mississippi for an accident which occurred outside Mississippi and which had no relation to the foreign corporation's business activities in Mississippi when the statute of limitations of the state in which the plaintiff resides and in which the accident occurred has barred the claim in that state?

The record in this case, together with the copies of the parties' briefs accompanying the suggestion for rehearing en banc are transmitted herewith. This opinion shall serve as the certificate.

QUESTION CERTIFIED.

[redacted]

7. Interpreting *Louisiana & Mississippi R. Transfer,* this Court has stated that "the statute has no application to a corporation that resided in or was qualified to do business in Mississippi at the time the cause of action arose." *Kershaw v. Sterling Drug, Inc.,* 415 F.2d 1009, 1011 (5th Cir.1969).

8. Upon receipt of the opinion of the Mississippi Supreme Court and the disposition of any petitions for rehearing in that Court, the parties are instructed to submit supplemental briefs to this Court regarding the import of that decision.

9. The particular phrasing used in the certified question is, of course, not to restrict the Supreme Court's consideration of the issues as that Court perceives them in its analysis of the certified record. *Martinez v. Rodriguez,* 394 F.2d at 159 n. 6.