Mary Ezell COWAN, Individually and as Community Survivor of the Estate of Earl Cowan, Deceased, and on behalf of the heirs at law of Earl Cowan, Boyce Wayne Cowan, Earline Tennison, and Clifford Dale Cowan, Plaintiffs-Appellants,

v.

FORD MOTOR COMPANY, Defendant-Appellee.

No. 82–4107

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1983.

Melvin & Melvin, Leonard B. Melvin, Jr., Laurel, Miss., Ament, Dixon & Richards, Robert Wm. Richards, John S. Ament, Jacksonville, Tex., for plaintiffs-appellants.

Watkins & Eager, Michael W. Ulmer, Jackson, Miss., for defendant-appellee.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

Now back to constitute *Cowan III,* this diversity suit, filed in Federal District Court in the Southern District of Mississippi, arises from a fatal accident which occurred in Texas. Neither the decedent nor any of the parties is a resident of Mississippi. Defendant, Ford Motor Company, however, is expressly authorized to do business in Mississippi, is actually doing business in Mississippi, and has designated a resident agent for service of process, on whom process was indeed served, in Mississippi. The District Court declined to assume jurisdiction and dismissed the case.

In our original opinion, *Cowan v. Ford Motor Co.,* 694 F.2d 104 (5th Cir.1982) (*Cowan I*), we held that under Mississippi law the Mississippi courts would have jurisdiction over the cause of action. Accordingly, the District Court, sitting in diversity, had

jurisdiction as well, and had no discretion to decline to exercise it. We further held that Mississippi's assertion of jurisdiction was not offensive to due process.

On Ford's suggestion for rehearing en banc, which we treated as a petition for panel rehearing, *Cowan v. Ford Motor Co.,* 713 F.2d 100 (5th Cir.1983) (*Cowan II*), we adhered to our views in *Cowan I* as to the federal questions involved and rejected Ford's *forum non conveniens* and other new federal arguments. However, since we were unsure whether *Vick v. Cochran,* 316 So.2d 242, 246 (Miss.1975), had undermined the rule of *Louisiana & Mississippi R. Transfer Co. v. Long,* 159 Miss. 654, 666–668, 131 So. 84, 88 (1930), so that the Mississippi "borrowing statute," Miss.Code Ann. § 15–1–65 (1972),[1] would bar Cowan's suit, we certified that question to the Mississippi Supreme Court.

The Mississippi Supreme Court, 437 So.2d 46, has declined to rule on our certified question, as is of course perfectly proper for it to do. *See, e.g., Blanchard v. Engine & Gas Compressor Services, Inc.,* 371 So.2d 265 (La.1979). In declining, however, it answered our inquiry. *See* Appendix, *infra.* Citing *only Long,* the Court declined our certified question because (1) it has previously interpreted § 15–1–65 and (2) the issue involved no matter of great public interest presenting a unique or unusual legal problem it had not already decided. Thus, reaffirmed by the Mississippi Supreme Court, *Long* remains good law.

As we pointed out in *Cowan II,* 713 F.2d at 105, n. 7, this Court—interpreting *Long*[2]—has already declared that under Mississippi law § 15–1–65 "has no application to a corporation that resided in *or was qualified to do business in* Mississippi at the time the cause of action arose." *Kershaw v. Sterling Drug, Inc.,* 415 F.2d 1009, 1011 (5th Cir.1969). It is undisputed that Ford was qualified to do business in Mississippi at the time of the fatal accident. Section 15–1–65 does not bar Cowan's cause of action.

*The Last Act of the Cowan Trilogy*

Thus, under both federal and Mississippi law, the Trial Judge sitting in diversity had jurisdiction over Cowan's suit and had no discretion to decline to exercise it.

REVERSED AND REMANDED.

APPENDIX
IN THE SUPREME COURT OF MISSISSIPPI

NO. 54,983

MARY EZELL COWAN, ET AL.

V.

FORD MOTOR COMPANY

Before BROOM, DAN M. LEE and PRATHER, JJ.

BROOM, Presiding Justice, for the Court:

Certified to us by the United States Court of Appeals for the Fifth Circuit is this cause, asking us to decide the following question:

> May a nonresident plaintiff utilize Mississippi's courts to sue a foreign corporation qualified to do business and actually doing business in Mississippi for an accident which occurred outside Mississippi and which had no relation to the foreign corporation's business activities in Mississippi when the statute of limitations of the state in which the plaintiff resides and in which the accident occurred has barred the claim in that state?

The matter is a diversity tort suit, filed in Federal District Court in the Southern District of Mississippi, arising from a fatal

---

1. Miss.Code Ann. § 15–1–65 (1972) provides:
   Action barred in another jurisdiction barred here.
   When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state and country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state.

2. *Long* actually involved a predecessor to § 15–1–65, which remains unchanged today. *See* 159 Miss. at 667–668, 131 So. at 88.

accident which occurred in the state of Texas. None of the individual parties reside in Mississippi but the defendant, Ford Motor Company, is expressly authorized to do business in Mississippi, actually does business in this state, and has in Mississippi for service of process a designated agent on whom process was served in this cause. The Federal District Court declined to assume jurisdiction and dismissed the case. On appeal, the Fifth Circuit held that under Mississippi law our state courts would have jurisdiction over the cause of action. *Cowan v. Ford Motor Co.,* 694 F.2d 104 (5th Cir.1982). On petition for rehearing, Ford has asked the Fifth Circuit to reconsider its decision, and before us for construction is Mississippi Code Annotated § 15–1–65 (1972), which provides as follows:

§ 15–1–65. Action barred in another jurisdiction barred here.

When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state and country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state.

In certifying the question to us, the Fifth Circuit notes that "this question was addressed in the earlier part of this century, *see Louisiana & Mississippi R. Transfer Co. v. Long,* 159 Miss. 654, 131 So. 84 (1930), . . . ."

We think that in the present case we should decline to rule on the question certified to us for the following reasons: (1) the chief issue which we are asked to rule upon involves the construction of a statute of Mississippi, which we have previously ruled upon; and (2) the case before us does not involve any matter of great public interest presenting any unique or unusual legal problem not already decided by this Court. Accordingly, we respectfully decline to rule upon the question presented. *Blanchard v. Engine and Gas Compressor Services, Inc.,* 371 So.2d 265 (La.1979) (mem.).

CERTIFICATION DECLINED.

PATTERSON, C.J., WALKER, P.J., ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.