**Walter HERRLEY, et al., Plaintiffs,**

v.

**VOLKSWAGEN OF AMERICA, INC., et al., Defendants.**

**Civ. A. No. J83–0891(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 28, 1984.

James W. Nobles, Jr., Jackson, Miss., John W. Andrews, Tampa, Fla., for plaintiffs.

Edward A. Moss, Holcomb, Dunbar, Connell, Chaffin & Willard, Clarksdale, Miss., for defendants.

### MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on the motion of both Defendants to dismiss this action for lack of in personam jurisdiction pursuant to F.R.Civ.P. 12(b)(2) and for insufficiency of process pursuant to F.R. Civ.P. 12(b)(4).[1]

On December 24, 1977, in the State of Florida, the Plaintiffs were injured when their 1965 Volkswagen left the road and rolled over. The Plaintiffs allege their injuries resulted from defects in the door latches, seats, and right front wheel assembly of the automobile and that the Defendants had failed to properly inspect, test, or provide a warning when the Defendants knew or should have known of the dangerous condition of the automobile. The Plaintiffs are resident citizens of Florida and the Defendants are foreign corporations, not registered to do business in the State of Mississippi. The Plaintiffs attempted process by serving the Secretary of State under the Mississippi long arm statute, *Miss. Code Ann.* § 13-3-57 (1972). Attached to the Defendants' Motions to Dismiss are certificates from the Mississippi Secretary of State indicating that the Defendants are not qualified to do business in the State of Mississippi. The Plaintiffs submit a certificate and license application from the Mis-

---

**1.** The Defendant, Volkswagen A.G., also asserts that service of process was ineffective as to it because the complaint was not translated into German and served as required by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the Hague Convention), *entered into force for United States* February 10, 1969, 20 U.S.T. 361, T.I.A.S. No. 6638. Although the Court's ruling moots this objection, the Court notes that the remedy would simply be to quash process and leave the case on the Court's docket, giving the Plaintiff a reasonable time to effect proper service of process. *Vorhees v. Fischer & Krecke,* 697 F.2d 574 (4th Cir.1983).

sissippi Motor Vehicle Commission indicating that the Defendant, Volkswagen of America, Inc., is licensed under the Mississippi Motor Vehicle Commission Act, *Miss. Code Ann.* §§ 63–17–51, *et seq.*, and that it has 12 representatives who "contact or supervise Dealers or prospective Dealers of New Motor Vehicles in Mississippi."

■ Since this is a diversity action, this Court must apply the law of the State of Mississippi with regard to whether the doors to Mississippi courthouses are open to nonresident plaintiffs suing nonresident defendants who have not qualified to do business in Mississippi or appointed an agent for service of process, over a cause of action which arose outside the State of Mississippi. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In diversity cases, federal courts may assert in personam jurisdiction only if the forum state's long arm statute applies to the defendant and if the statute comports with the due process requirements of the Fourteenth Amendment. *De-Melo v. Toche Marine, Inc.,* 711 F.2d 1260 (5th Cir.1983). Mississippi's long arm statute, *Miss.Code Ann.* § 13–3–57 (1972) provides:

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, ... who shall commit a tort in whole or in part in this state against a resident *or nonresident* of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi, ... upon whom all lawful process may be served....

(emphasis added to indicate amendment effective July 1, 1980).

Federal courts applying Mississippi law have frequently held that Mississippi's long arm statute, prior to the 1980 amendment, could not be utilized by a nonresident plaintiff with a cause of action arising outside of Mississippi to gain personal jurisdiction over nonresident defendants. *See, e.g., Golden v. Cox Furniture Manufacturing Company, Inc.,* 683 F.2d 115 (5th Cir.1982); *Breeland v. Hide-a-way Lake, Inc.,* 585 F.2d 716 (5th Cir.1978); *Thompson v. F.W. Woolworth Co.,* 508 F.Supp. 522 (N.D.Miss. 1981); *F.L. Crane Company v. Cessna Aircraft Company,* 73 F.R.D. 384 (N.D. Miss.1976); *McAlpin v. James McKoane Enterprises, Inc.,* 395 F.Supp. 937 (N.D. Miss.1975); *Ryan v. Glenn,* 52 F.R.D. 185 (N.D.Miss.1971). In *Thompson v. F.W. Woolworth Co.,* 508 F.Supp. 522 (N.D.Miss. 1981), the court discussed the effect of the 1980 amendment to Mississippi's long arm statute, noting:

The 1980 amendment creates a right in nonresidents to make use of the statute only where the tort is committed in whole or in part in this state. Otherwise, the statute remains the same. This amendment strengthens the court's view that a nonresident may not use the statute as a vehicle to bring suit in the courts of this state against nonresidents or foreign corporations not qualified under the constitution and laws of this state to do business in this state when the incidents giving rise to the cause of action occur outside of Mississippi.

*Id.* at 523. In *Thompson,* a Tennessee resident sued three corporations, none of whom were qualified to do business in Mississippi, for injuries sustained in Tennessee. In holding that there was no in personam jurisdiction over the Defendants, the court stated:

It would be absurd for the court to hold that the long-arm statute, as amended, affords a Mississippi forum for any nonresident having a cause of action against a nonresident or foreign corporation not qualified to do business in Mississippi simply because that nonresident or foreign corporation happens to conduct some business in Mississippi, albeit unrelated to the cause of action. To so hold would permit a nonresident to use the Mississippi forum for any suit against a

nonresident who happens to transact some business in Mississippi, regardless of whether Mississippi has any connection whatsoever to the cause of action. Obviously, this was not the intent of the Mississippi legislature in enacting Section 13–3–57.

*Id.* at 525. *Thompson* was cited with approval by the Fifth Circuit in *Golden v. Cox Furniture Manufacturing Company, Inc.,* 683 F.2d 115 (5th Cir.1982) when it held that an Arkansas plaintiff could not obtain in personam jurisdiction over a Louisiana corporation by use of Mississippi's long arm statute, even though the cause of action arose in Mississippi.

■ Most recently, in a case virtually indistinguishable from the case *sub judice,* this doctrine was reaffirmed by the Fifth Circuit. In *Smith v. DeWalt Products Corp.,* 743 F.2d 277 (5th Cir.1984) the Fifth Circuit held that a Louisiana plaintiff could not acquire in personam jurisdiction over a Maryland corporation by use of Mississippi's longarm statute for an injury which occurred in Louisiana. Applying the facts in the case at bar to the court's rationale in *DeWalt,* this Court is of the opinion that:

> [T]here does not appear to be a nexus of any kind between the activity of [Volkswagen] in Mississippi and the claims asserted by [the Plaintiffs]. There is nothing to indicate that the [car] in question was manufactured in Mississippi, that it was ever owned by a Mississippian, that it was ever sold in Mississippi or by a Mississippian, that it was ever serviced in Mississippi or by a Mississippian, or that it was ever within the territorial boundaries of the State of Mississippi. The mere fact that [Volkswagen] markets its products nationally and that some of these goods find their way into Mississippi is not a sufficient nexus to subject [Volkswagen] to in-personam jurisdiction under the "doing business" provision of the Mississippi long-arm statute.

*Id.* at 279–80. *Accord Manookian v. A.H. Robins Company, Inc.,* 580 F.Supp. 877 (S.D.Miss.1984).

■ Although numerous, the cases cited by the Plaintiffs are all distinguishable. None of the cases deal with the precise factual situation confronting the Court. The case closest in spirit to the present controversy is *Cowan v. Ford Motor Company,* 719 F.2d 785 (5th Cir.1983) (Cowan III). In 1975, Earl Cowan, a Texas resident, was fatally injured while driving a Ford pickup truck in Texas. His widow, also a Texas resident, filed suit against Ford, incorporated in Delaware with its principal place of business in Michigan. After several trips through the Fifth Circuit, *Cowan v. Ford Motor Co.,* 694 F.2d 104 (5th Cir.1982) (*Cowan* I); *Cowan v. Ford Motor Co.,* 713 F.2d 100 (5th Cir. 1983) (*Cowan* II); *Cowan v. Ford Motor Co.,* 719 F.2d 785 (5th Cir.1983) (*Cowan* III) and a certification response from the Mississippi Supreme Court, *Cowan v. Ford Motor Co.,* 437 So.2d 46 (Miss.1983), the following ruling emerged: A nonresident plaintiff who serves process on the registered agent of a nonresident defendant, *qualified to do business in Mississippi,* acquires in personam jurisdiction over that defendant, even though the cause of action arose outside of Mississippi. The dispositive factors in the case *sub judice* are that Volkswagen has not qualified to do business in Mississippi nor has it appointed an agent for service of process in Mississippi. Although this Court has questioned the wisdom of rewarding foreign corporations who do not qualify to do business in Mississippi by immunizing them from in personam jurisdiction in cases like the one at bar, *see Manookian v. A.H. Robins Company, Inc., supra,* the rule of law in the Fifth Circuit clearly requires this result.

■ This result does not violate due process. In *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952) a case involving a suit by a nonresident of Ohio against a Philippine corporation for a cause of action arising outside of Ohio, the Supreme Court stated:

> [W]e find no requirement of federal due process that either *prohibits* Ohio from

opening its courts to the cause of action here presented or *compels* Ohio to do so. *Id.* at 446, 72 S.Ct. at 418.

Since qualification under *Miss. Code Ann.* § 79–3–211 (1972) makes the corporation a Mississippi resident for jurisdictional purposes, the rule of law announced in *Cowan* can be reconciled with that in the *DeWalt* line of cases as follows: nonresident plaintiffs may not acquire in personam jurisdiction through use of Mississippi's long arm statute over nonresident defendants, who haven't qualified to do business in Mississippi, for causes of action which accrue outside the State of Mississippi.

The Plaintiffs argue, however, that by seeking and obtaining a license from the Mississippi Motor Vehicle Commission, that Volkswagen of America, Inc., has "qualified" to do business in Mississippi. Nothing in the Mississippi Motor Vehicle Commission Act, *Miss. Code Ann.* §§ 63–17–51, *et seq.* indicates any legislative intent to allow licensure under this Act to suffice for the qualification required by Section 79–3–211. The Mississippi Motor Vehicle Commission Act does not provide for the appointment of an agent for service of process. It simply provides a licensing mechanism for automobile manufacturers, dealers, agents and representatives. Had the Mississippi Legislature intended licensing under this Act to serve the same function as qualification under Section 79–3–211, undoubtedly they would have said so. In *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Supreme Court held in a case similar to the one *sub judice* that a foreign corporation may so structure its activities to avoid a state's exercise of in personam jurisdiction over it for an action which occurred outside of the state of the residence of the plaintiff and of the defendant corporation.

Although Mississippi's long, six year general statute of limitations is undoubtedly attractive to the Plaintiffs in this case and to countless others, this Court is *Erie*-bound to conclude that in personam jurisdiction does not exist over these nonresident defendants for a cause of action accruing outside of Mississippi and brought by nonresident plaintiffs.

Accordingly, the Motions to Dismiss by the Defendants are hereby granted and this cause is dismissed with prejudice, at the cost of the Plaintiffs.