593 F.2d 22
 Mrs. Lucille Jurisich BREELAND et al.,
Plaintiffs-Appellants, Cross-Appellees,
v.
HIDE-A-WAY LAKE, INC., et al., Defendants-Appellees, Cross-Appellants,
Hide-A-Way Lake Club, Inc., and Hide-A-Way Lake Property
Owner's Association, Inc., Intervenors.
Mrs. Lucille Jurisich BREELAND et al., Plaintiffs-Appellants,
v.
HIDE-A-WAY LAKE, INC., Defendants-Appellees.
 Nos. 76-1647, 77-1244.
 United States Court of Appeals,
Fifth Circuit.
 April 13, 1979.
 
 Ronald G. Peresich, Biloxi, Miss., Thomas L. Giraud, New Orleans, La., for plaintiffs-appellants, cross-appellees.
 Claiborne McDonald, IV, James Lonnie Smith, Picayune, Miss., for Donald Ginn.
 Blake Tartt, Houston, Tex., Dan Hedges, Houston Tex., Thomas W. Hathaway, Tyler, Tex., for Hide-A-Way Lake, Inc., et al.
 Ray M. Stewart, Picayune, Miss., for Intern'l Land, Inc., et al.
 J. Edmand Pace, Picayune, Miss., for defendants-appellees.
 Thomas W. Tyner, Hattiesburg, Miss., for other parties in Nos. 76-1647, 77-1244.
 ON PETITION FOR REHEARING
 (Opinion November 17, 1978, 585 F.2d 716)
 Before COLEMAN, SIMPSON and TJOFLAT, Circuit Judges.
 PER CURIAM:
 
 
 1
 On consideration of plaintiffs' petition for rehearing and the response thereto, we reaffirm our holdings on the Mississippi long-arm statute and the fraud issues. On the issue of taxation of costs, we reaffirm that the district court abused its discretion by taxing all costs against the defendants. In reallocating costs on remand the district court may take into account the fact that the plaintiffs prevailed on the minor point of having certain roads platted.
 
 
 2
 In our decision, we did not speak to the issue of the district court's denial of specific performance. We are concerned that the district court may have incorrectly applied the clear and convincing evidence standard instead of a preponderance of the evidence standard in denying the requested relief. A limited remand for more specific findings on this issue is therefore in order. Accordingly, the petition for rehearing is granted, Part V of our opinion in this case is vacated, and the following language substituted in its place:
 
 V
 
 3
 The judgment of the district court is affirmed in all respects except the taxation of costs and the denial of specific performance relief. As to these two issues, the judgment is reversed. We retain jurisdiction over the cause. We remand the case to the district court for the limited purpose of reallocating costs and the entry of specific findings on whether plaintiffs are entitled to specific performance.
 
 
 4
 We direct that the district court make its findings within sixty days and certify the record and its findings to us.
 
 
 5
 IT IS SO ORDERED.