Deborah **MANOOKIAN**, Plaintiff,

v.

**A.H. ROBINS COMPANY, INC.,**
Defendant.

Civ. A. No. J82–0056(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

March 7, 1984.

James W. Nobles, Jr., Jackson, Miss., Paul D. Rheingold, New York City, for plaintiff.

Cary E. Bufkin, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, Miss., for defendant.

## ORDER AND MEMORANDUM OPINION

BARBOUR, District Judge.

This case arises out of the alleged injuries suffered by the Plaintiff as a result of the use of an intra-uterine device known as the Dalkon Shield. The Plaintiff is an adult resident citizen of the State of New York. The Defendant, A.H. Robins Company, Inc. (Robins) is a foreign corporation organized and existing under the laws of the Commonwealth of Virginia.

The Defendant is not qualified to do business in Mississippi. However, Robins, a major manufacturer of both prescription and non-prescription drugs and medications, does admit that it employs six sales representatives who reside in the State of Mississippi and eleven sales representatives who reside outside of the State who solicit business and answer customers' questions concerning the company's products in the state. In 1982 Robins' sales of its consumer products in the State of Mississippi were approximately $188,834.00 and its sales of health care products were approximately $4,100,738.00. Robins maintains no managerial staff, performs no management functions, owns no property and maintains no bank accounts in the State of Mississippi.

The injury of which the Plaintiff complains occurred outside of the State of Mississippi. The Plaintiff did not purchase any products from the Defendant corporation in the State of Mississippi, nor has the Plaintiff been a resident of the State of Mississippi at any relevant time.

Jurisdiction of this Court is founded on complete diversity of the parties pursuant to 28 U.S.C. Section 1332. Robins comes now before this Court bringing its Motion to Dismiss for lack of in personam jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. It is clear that the Plaintiff in this case seeks to maintain this suit in Mississippi for the purpose of taking advantage of the six year statute of limitations applicable to this case.

The singular question to be answered by this Court is whether a plaintiff with no connection to this forum may sue a defendant who is not qualified to do business in Mississippi but is doing business by selling its products in Mississippi, although this action did not arise out of any sale in this state.

## IN PERSONAM JURISDICTION

■ When faced with the defense of the lack of in personam jurisdiction the court must first ascertain whether the defendant in a diversity action may be reached by the long arm statute of the forum state. *Cowan v. Ford Motor Co.*, 694 F.2d 104, 105 (5th Cir.1983) (Cowan I). If the defendant is amenable to the state's long arm statute then the court must decide whether its exercise of jurisdiction is permissible under the Due Process Clause. *Id.*

■ The clear precedent of the Fifth Circuit controls this case. In *Breeland v. Hide-a-Way Lake, Inc.*, 585 F.2d 716 (5th Cir.1978) that court held that the "doing business" provision of Mississippi's long arm statute could not be invoked by a nonresident plaintiff against a defendant foreign corporation not qualified to do business in this state. *Id.* at 721. *See also Golden v. Cox Furniture Manuf. Co., Inc.*, 683 F.2d 115 (5th Cir.1982); *Thompson v. F.W. Woolworth Company*, 508 F.Supp. 522, 523–25 (N.D.Miss.1981).

While this Court is bound by the clear precedent of these cases, it notes that this result is anomalous, especially in view of the recent decisions by the Fifth Circuit in *Cowan v. Ford Motor Company*, 713 F.2d 100, 104 (5th Cir.1983) (Cowan III) and *Cowan v. Ford Motor Co.*, 694 F.2d 104 (5th Cir.1982) (Cowan I). The effect of the

distinction which has been drawn as regards a suit by an out-of-state plaintiff between a corporation doing business but not qualified to do business in Mississippi and a corporation which is qualified to do business in Mississippi is to reward the corporation which does business in Mississippi without qualifying with the Secretary of State and without appointing an agent for service of process.

If this defendant corporation finds need to use the state courts of Mississippi it will no doubt assert that even considering the large volume of its sales in Mississippi that it need not qualify to do business in order to utilize the courts of this state because it falls within the interstate commerce exception to the "door closing" statute. *Miss. Code Ann.* §§ 79–3–211(e) and 247 (1972); *Diversacon Industries, v. Nat. Bank of Commerce,* 629 F.2d 1030, 1033 (5th Cir. 1980). This Court finds many persuasive reasons to question this result but is confined to rule in conformity with the applicable precedents.

It is, therefore, ordered that the Defendant's Motion to Dismiss for Lack of In Personam Jurisdiction is granted.