Debra MANOOKIAN,
Plaintiff-Appellant,

v.

A.H. ROBINS COMPANY, INC.,
Defendant-Appellee.

No. 84–4274.

United States Court of Appeals,
Fifth Circuit.

April 30, 1985.

James W. Nobles, Jr., Jackson, Miss., for plaintiff-appellant.

Shell, Buford, Bufkin, Gallicutt & Perry, Cary E. Bufkin, D. Collier Graham, Jr., Jackson, Miss., for defendant-appellee.

Submission on Certification to The Supreme Court of Mississippi.

## CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI

TO THE SUPREME COURT OF MISSISSIPPI AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above styled case in this court involves a question of law of the State of Mississippi that is determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of Mississippi. This court hereby certifies the following question of law to the Supreme Court of Mississippi for instructions concerning said question, based on the facts recited herein, pursuant to Mississippi Supreme Court Rule 46.

### I. *Style of the Case*

The certified case is Debra Manookian, Plaintiff-Appellant v. A.H. Robins Company, Inc., Defendants-Appellants, Number 84–4274 on the docket of the United States Court of Appeals for the Fifth Circuit and is an appeal from the United States District Court for the Southern District of Mississippi.

### II. *Statement of Facts*

1. Debra Manookian is a resident of the state of New York.

2. Debra Manookian maintains that her injuries resulted from the use of a Dalkon intra-uterine device manufactured by the defendant, A.H. Robins Company, Inc. Her cause of action is not related to any of A.H. Robins' business activities within the State of Mississippi and did not arise out of any such activities.

3. Suit was filed in the United States District Court for the Southern District of Mississippi, Jackson Division, and process was effected on A.H. Robins by service through the Secretary of State of the State of Mississippi under the "long-arm statute," Section 13–3–57 of the Mississippi Code of 1972.

4. A.H. Robins is a corporation which was organized and exists under Virginia law and is domiciled in Richmond, Virginia. Robins is not licensed to do business in the State of Mississippi and maintains no registered agent in the State of Mississippi for the purpose of receiving service of process. It has not qualified to do business within the state by obtaining a Certificate of Authority from the Secretary of State as required by Section 79–3–211 of the Mississippi Code of 1972 because it operates under the exemption for corporations conducting only interstate commerce within the state that is provided by subparagraph (e) of that section.

5. Robins employs approximately six sales representatives who reside in the State of Mississippi and eleven sales representatives who reside outside of the state to solicit business and answer customers' questions concerning Robins' products. It does not maintain any managerial staff within the State of Mississippi and performs no management functions there.

6. Robins' 1982 sales of consumer products in the State of Mississippi were approximately $188,834.00, or .191 percent of its total 1982 sales throughout the United States, and the 1982 sales of health care products in the State of Mississippi amounted to approximately $4,100,738.00, or 1.45 percent of its total 1982 sales throughout the United States.

7. Robins does not maintain any wholesale or retail outlets in the State of Mississippi.

8. Robins' employees situated in the State of Mississippi are covered by the Mississippi Workmen's Compensation Act, pursuant to filings on Form A–24 with the

Mississippi Workmen's Compensation Commission for the years 1978 through 1984.

9. The United States District Court, 580 F.Supp. 877, dismissed the action for lack of personal jurisdiction over the defendant pursuant to a motion under Federal Rule of Civil Procedure 12(b)(2) without permitting plaintiff to attempt to effect service of process on defendant corporation under Section 79-1-29 of the Mississippi Code of 1972 so that jurisdiction could be secured pursuant to Section 79-1-27. Manookian appealed this decision to the United States Court of Appeals for the Fifth Circuit.

### III. *Question of Law*

Whether a nonresident plaintiff asserting a cause of action based on a tort that is unrelated to defendant's business activities within the State of Mississippi and did not arise out of any such activity may rely on Section 79-1-27 of the Mississippi Code Annotated of 1972 to secure jurisdiction over a foreign corporation which does business in Mississippi to the extent described above, but is exempt from the state's qualification requirements.

In posing this question, we intend no limitation or restriction of the review and consideration of the legal issues presented by the Mississippi Supreme Court, for in light of its understanding and perspective of Mississippi law it might view the essential question differently.

### IV. *Conclusion*

The entire record in this case, together with copies of the briefs of the parties, are transmitted herewith.

**CERTIFIED.**