**May Bell SCHMID, Plaintiff,**

v.

**ROEHM GMBH, a Foreign Corporation and Liberty Organization, Inc., a Corporation, Defendants.**

**Civ. A. No. J84–0611(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 6, 1985.

**656**

William Larry Latham, Jackson, Miss., Lynn R. Johnson, Shawnee Mission, Kan., for plaintiff.

Jackson H. Ables, Jackson, Miss., Steven D. Ruse, Overland Park, Kan., E. Clark Rumfelt, J. Jerry Langford, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on the Motions of both Defendants to Dismiss this action for lack of in personam jurisdiction pursuant to F.R.Civ.P. 12(b)(2) and for insufficiency of process pursuant to F.R. Civ.P. 12(b)(4).[1]

### FACTS

On August 16, 1978, Plaintiff was injured when a .38 caliber derringer allegedly fell to the floor in her husband's place of business in Kansas City, Kansas, and accidentally discharged. The gun in question was manufactured by Defendant Roehm GmbH (Roehm) sometime prior to 1966 and was imported and distributed in the United States in 1966 by Defendant Liberty Organization, Inc. (Liberty) or one of its predecessors. The gun was then sold to a firearms dealer in Paducah, Kentucky, and was purchased at a later date by the Plaintiff's husband.

The Plaintiff is a resident of Missouri. As shown above, the injury complained of by Plaintiff occurred in Kansas. Both Defendants are non-resident corporations, not qualified to do business in the State of Mississippi. Defendant Roehm is incorporated in the Federal Republic of Germany. Defendant Liberty is a California corporation. Neither of the Defendants have had offices, agents, bank accounts nor other physical presence in the state of Mississippi at any time pertinent to this action. Defendant Liberty has, at least since 1981, sold firearms or related products to Mississippi retailers, but Liberty conducts its wholesale business entirely from California through a mail order system based on catalog listings. While it appears that the gun in question was manufactured by Roehm and subsequently imported into this country, there is no evidence that any guns manufactured by Roehm have been or are being sold in the State of Mississippi.[2]

On April 25, 1980, Plaintiff filed suit against the Defendants in the United States District Court for the District of Kansas. That action was subsequently dismissed as to Defendant Roehm on the basis of improper service of process. *See Schmid v. Roehm GmbH,* 544 F.Supp. 272 (D.Kan.1982). Summary Judgment was entered in that action as to a third Defendant, R.G. Industries, a Florida corporation. *Id.* That action is still pending in the United States District Court for the District of Kansas, Civil Action No. 80–2159, as to Defendant Liberty. Any further action against Roehm in a Kansas Court is now barred by the applicable 2-year statute of limitations.

The instant suit was filed in this Court on August 15, 1984, in an apparent attempt

---

1. Defendant Liberty Organization, Inc., has also asked for alternate relief in the form of a Motion to Transfer and a Motion for Leave to Amend. Since the Court's ruling moots the issues raised in those motions, they will not be addressed.

2. In an attempt to meet the allegations contained in Roehm's affidavits, Plaintiff has come forward with invoices showing sales of RG products by Liberty to Mississippi retailers. While there are notations on these invoices indicating that RG Industries and Roehm are the same entity, this conclusion is not supported by the evidence.

to take advantage of the generous 6-year statute of limitations of this state. Subject matter jurisdiction is based upon complete diversity pursuant to 28 U.S.C. § 1332. Plaintiff asserts that personal jurisdiction may properly be asserted over the non-resident Defendants because they are or were "doing business" in Mississippi.

When faced with a motion to dismiss for lack of in personam jurisdiction, the plaintiff bears the burden of establishing the jurisdiction of the district court over the non-resident defendants. *See Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162, 1165 (5th Cir.1985). A non-resident defendant in a diversity suit is amenable to the personal jurisdiction of a federal court only to the extent permitted the state court in the state where the federal court sits. *See DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir.1983). Amenability to jurisdiction thus depends on whether a defendant is within substantive reach of the jurisdiction of the forum state under the applicable state law. In the ordinary case, the applicable law would be the Mississippi long arm-statute, *Miss. Code Ann.* § 13-3-57, but Plaintiff in the instant case disclaims reliance on § 13-3-57 and instead urges this Court to assert personal jurisdiction over the Defendants under the authority of *Miss. Code Ann.* § 79-1-27. Section 79-1-27 provides:

> Any corporation claiming existence under the laws of any other state or of any other country foreign to the United States, found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not.

Both this statute and the Mississippi long arm statute apply to non-resident corporations "doing business" in Mississippi. Plaintiff's reliance upon § 79-1-27 tacitly recognizes the futility of seeking to establish jurisdiction over the Defendants in this case pursuant to the Mississippi long-arm statute. Federal courts construing the "doing business" portion of that statute have consistently held that it is for the sole use and protection of Mississippi residents who seek to establish jurisdiction over non-residents who are not available for personal service of process and are involved in a controversy with a resident of Mississippi. *See Smith v. Dewalt Products Corporation*, 743 F.2d 277 (5th Cir.1984); *Golden v. Cox Furniture Manufacturing Company, Inc.*, 683 F.2d 115 (5th Cir.1982); *Washington v. Norton Manufacturing, Inc.*, 588 F.2d 441 (5th Cir.), *cert. denied* 442 U.S. 942, 99 S.Ct. 2886, 61 L.Ed.2d. 313 (1979); *Breeland v. Hide-a-Way Lake, Inc.*, 585 F.2d 716 (5th Cir.1978), *modified on reh'g. on other grounds* 593 F.2d 22 (5th Cir.1979) (per curiam); *Thompson v. F.W. Woolworth Co.*, 508 F.Supp. 522 (N.D.Miss.1981). Thus, regardless of whether or not the Defendants could be said to be "doing business" in Mississippi, the non-resident plaintiff in this case cannot avail herself of the "doing business" provision of § 13-3-57, the long-arm statute, to establish this Court's jurisdiction over the non-resident defendants. Plaintiff therefore urges that § 79-1-27 is controlling and that its provisions authorize this Court to assert personal jurisdiction over the non-resident Defendants.

Plaintiff's argument must fail for two reasons. The first is that *Miss. Code Ann.* § 79-1-27 has not been construed to authorize the assertion of jurisdiction over suits brought by non-resident plaintiffs against non-qualified/non-resident corporations. *See Smith v. DeWalt*, 743 F.2d 277, 281 (5th Cir.1984). While a good deal of confusion has been generated by the Mississippi Supreme Court's statement that § 79-1-27 and the long arm statute must be construed together and harmonized, *see Arrow Foods Distributors, Inc. v. Love*, 361 So.2d 324, 377 (S.D.Miss.1978), no court has yet interpreted that statement to mandate an enlargement of the jurisdiction authorized by the long arm statute. The Court of Appeals for the Fifth Circuit has recently certified a question to the Mississippi Supreme Court dealing with this issue, *see Manookian v. A.H. Robins Company, Inc.*, 760 F.2d 567 (5th Cir.1985), but

Plaintiff incorrectly assumes that resolution of that question would be dispositive in the instant case.

The question certified to the Mississippi Supreme Court in *Manookian* is "whether a nonresident plaintiff asserting a cause of action based upon a tort which wholly occurred outside of the State of Mississippi can rely on *Miss.Code Ann.* § 79–1–27 (1972) to secure jurisdiction over a foreign corporation which *does business* in Mississippi, but is exempt from the qualification requirements." 760 F.2d at 567. (emphasis added). The issue thus framed presupposes that the corporation meets the "doing business" provision of the statute. As hereinafter stated, the Defendants in the instant case are not doing business in Mississippi.

Thus the second and more fundamental reason that Plaintiff's argument must fail is that § 79–1–27 applies only to non-resident corporations "found doing business" in Mississippi. Irrespective of Plaintiff's non-resident status, the Defendants in this case have insufficient contacts with Mississippi to be considered to be "doing business" in the state for purposes of asserting personal jurisdiction over them in an action having no connection with Mississippi. While the defendant in *Manookian* employed sales representatives who resided in Mississippi and solicited business in the state along with other non-resident sales representatives, *see Manookian v. A.H. Robins Company, Inc.*, 580 F.Supp. 877, 878 (S.D.Miss.1984), the uncontested facts in this case clearly show that neither defendant corporation has any employees or representatives in Mississippi. In addition, neither corporation has any offices, bank accounts or other property in this state. While Liberty does distribute its products nationally through telephone and catalog orders and has sold its products to Mississippi retailers, these contacts alone are insufficient to support a finding that Liberty is or has been "doing business" in Mississippi. *See Smith v. DeWalt*, supra at 279–80 (the fact that a defendant markets its products nationally and that some of these products find their way into Mississippi is not a sufficient nexus to subject a non-resident corporation to in personam jurisdiction under the "doing business" provision of the Mississippi long arm statute).

Defendant Roehm apparently lacks even these tenuous contacts with the State of Mississippi. The Affidavit filed in support of its Motion to Dismiss states that Roehm has never sold any of its products at wholesale or retail in the State of Mississippi. Plaintiff has produced no counter-affidavits or evidence to refute this statement and thus there is no basis in law or fact to support Plaintiff's allegation that Roehm is or has been "doing business" in Mississippi.

Because there is no basis under Mississippi law for the exercise of personal jurisdiction over the non-resident Defendants in this case, there is no reason for this Court to consider the due process issue.

Defendants' Motions to Dismiss for lack of in personam jurisdiction are hereby granted and this cause is dismissed.