Esther **PRINCE**, Plaintiff,

v.

F. **HOFFMANN–LA ROCHE & CO., L.C., Hoffman–La Roche, Inc. and Roche Biomedical Laboratories, Inc.,** Defendants.

Civ. A. No. S91–0174(R).

United States District Court, S.D. Mississippi, S.D.

Sept. 26, 1991.

**418**

Mitchell H. Tyner, William Roberts Wilson, Jr., P.A., Jackson, Miss., for plaintiff.

J. Carter Thompson, Jr., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for defendants.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This cause is before this Court on a Motion by Defendant Hoffmann–La Roche, Inc. (hereinafter "La Roche") to Dismiss the plaintiff's summons and complaint for insufficient service of process and lack of personal jurisdiction, pursuant to Fed. R.Civ.P. 12(b)(2) and 12(b)(5).

### FACTS

On April 19, 1991, the plaintiff, Esther Prince (hereinafter "Prince"), filed her complaint in this Court.

By her complaint, Prince alleges that she is a citizen of Pennsylvania and that the defendant, F. Hoffman–La Roche & Co., L.C., is a resident corporation of Switzerland; and the defendants, Hoffmann–La Roche, Inc. and Roche Biomedical Laboratories, Inc., are resident corporations of New Jersey. The plaintiff further alleges that each defendant has its principal place of business in a state other than Pennsylvania.

In the complaint the plaintiff alleges that each of these defendants designed, manufactured, marketed, produced and distributed for resale to the general public a certain drug known as Fansidar for oral consumption.

The plaintiff alleges, relying upon the defendants' express and implied warranties that Fansidar was a safe prophylactic against malaria, that she purchased and ingested the drug resulting in disability.

Although the plaintiff maintains that these defendants were, at all times relevant, doing business in the State of Mississippi, she also alleges that she purchased the Fansidar in British Hong Kong and ingested it in the People's Republic of China from October, 1984 to July, 1985, and in the Commonwealth of Pennsylvania in August, 1985 and September, 1985.

Defendant Roche Biomedical Laboratories, Inc. moved for summary judgment, which motion was granted by this Court on June 27, 1991.

Defendant F. Hoffman–La Roche & Co., L.C., has apparently not been served with process as of the date of this Memorandum Order.

### DISCUSSION

As it is uncontested that neither the plaintiff nor the defendant, La Roche, is a resident of the State of Mississippi, and that the defendant is not qualified to do business in Mississippi, the dispositive issue before this Court is whether this Court can obtain personal jurisdiction over La Roche.

Citing *Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491 (5th Cir.1989), and *Williams v. Taylor Machinery, Inc.*, 529 So.2d 606 (Miss.1988), the defendant correctly asserts that in order for this Court to obtain personal jurisdiction over La Roche (1) there must be a Mississippi statute conferring such jurisdiction; and (2) the exercise of such jurisdiction must comport with the requirements of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

■ The primary statute which is applicable herein is Mississippi's long-arm statute, Miss.Code Ann. § 13–3–57 (Supp.1991), which provides in pertinent part as follows:

> Any ... foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a

resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi ... to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceeding accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their or its agent, servant or employee.

As it is clear and uncontested that neither the "contract" nor the "tort" prongs of the long-arm statute are relevant to this cause, the only question is whether the "doing business" prong is available to this plaintiff.

Citing abundant authority, including *Smith v. DeWalt Products Corp.*, 743 F.2d 277 (5th Cir.1984), and *Goodman v. Hoffmann–La Roche, Inc.*, C.A. No. J89–0649(B) (S.D.Miss. Jan. 9, 1990), both parties agree that the Fifth Circuit and the district courts of this state have consistently held that a non-resident plaintiff cannot use the "doing business" prong of the long-arm statute to obtain inpersonam jurisdiction over a non-resident defendant.

The argument of this plaintiff, which has been offered before to the courts of this district, is that the Mississippi Supreme Court in *Shewbrooks v. A.C. & S., Inc.*, 529 So.2d 557 (Miss.1988), indicated that non-resident plaintiffs are free to sue non-resident defendants under said "doing business" prong.

As recent as April 2, 1991, Judge Walter J. Gex, III stated in the consolidated case *Stanley Black, et al. v. Carey Canada, Inc., et al.*, C.A. No. S89–0470(G), slip op. at 5 (S.D.Miss. April 2, 1990), that "a non-resident plaintiff may not use the 'doing business' provision of the Mississippi long-arm statute."

Previously in *James B. Acker, et al. v. Armstrong World Industries, Inc., et al.*,

C.A. No. S89–0563(L), slip op. at 9, 1989 WL 268344 (S.D.Miss. December 1, 1989), Judge Gex, citing to *Shover v. Cordis Corporation*, C.A. No. J89–0443(W) (October 25, 1989), set out:

If the *Shewbrooks* court really intended the 'doing business' provision of the Mississippi long-arm statute to be made available to non-resident plaintiffs, this Court is confident they would have at least cited the statute somewhere in their opinion. Also, this Court is persuaded that if the Mississippi Supreme Court meant what plaintiffs contend they did, then that court would have cited the numerous federal court cases that have held otherwise, as having erred in their Erie guesses. Therefore, *Shewbrooks* did not change the prior rule that non-residents may not obtain service of process pursuant to the 'doing business' provision of the Mississippi long-arm statute. *Shover, supra*, at 3–4.

■ The plaintiff also argues that even if this Court rejects a reading of *Shewbrooks* which would make the "doing business" prong available, this Court would have to accept *Shewbrooks* as authority for jurisdiction under Miss.Code Ann. § 79–1–27 (Supp.1986) (repealed effective Jan. 1, 1988), which provided that:

Any corporation claiming existence under the laws of any other state or of any other country foreign to the United States, found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not.

The defendant argues in part that as the civil action was not begun until after the subject statute was repealed, the plaintiff may not rely upon it notwithstanding the allegations that the cause of action accrued prior to the repeal.

This Court, without deciding, accepts *arguendo* that § 79–1–27 is otherwise available; however, this Court agrees with the court of appeals in *Smith v. DeWalt Products Corporation*, 743 F.2d 277 (5th Cir. 1984), wherein it is summarized:

**420**

First, the Mississippi Supreme Court has held that, in a situation such as this, Miss.Code Ann. § 79–1–27 (1972) and the long-arm statute must be construed together and harmonized. This court of course follows that construction of Mississippi law, but in the instant case, the only manner in which these two provisions can be harmonized is to refuse to extend personal jurisdiction over DeWalt. As already noted, when the Mississippi legislature amended the long-arm statute in 1980, it did not extend the 'doing business' provision of that statute to nonresident plaintiffs. To extend jurisdiction over DeWalt on the authority of § 79–1–27, therefore, would be completely contrary to the intent of the Mississippi legislature. (footnotes omitted).

*Id.* at 281.

This Court also finds support in *Schmid v. Roehm GmbH*, 617 F.Supp. 655 (D.C.Miss.1985), wherein Judge William H. Barbour, Jr. set out:

Miss.Code Ann. § 79–1–27 has not been construed to authorize the assertion of jurisdiction over suits brought by nonresident plaintiffs against non-qualified/non-resident corporations. *See Smith v. DeWalt*, 743 F.2d 277, 281 (5th Cir.1984). While a good deal of confusion has been generated by the Mississippi Supreme Court's statement that § 79–1–27 and the long arm statute must be construed together and harmonized, *see Arrow Foods Distributors, Inc. v. Love*, 361 So.2d 324, 377 (S.D.Miss.1978), no court has yet interpreted that statement to mandate an enlargement of the jurisdiction authorized by the long arm statute. The Court of Appeals for the Fifth Circuit has recently certified a question to the Mississippi Supreme Court dealing with this issue, *see Manookian v. A.H. Robins Company, Inc.*, 760 F.2d 567 (5th Cir.1985), but Plaintiff incorrectly assumes that resolution of that question would be dispositive in the instant case.

The question certified to the Mississippi Supreme Court in *Manookian* is 'whether a nonresident plaintiff asserting a cause of action based upon a tort which wholly occurred outside of the State of Mississippi can rely on *Miss. Code Ann.* § 79–1–27 (1972) to secure jurisdiction over a foreign corporation which *does business* in Mississippi but is exempt from the qualification requirements.' 760 F.2d at 567. (emphasis added). The issue thus framed presupposes that the corporation meets the 'doing business' provision of the statute. As hereinafter stated, the Defendants in the instant case are not doing business in Mississippi.

*Id.* at 657–658.

In both *DeWalt* and *Schmid, supra,* the courts were able to buttress their opinions with a separate finding that the defendants were not doing business; a finding which this Court declines to make at this time.

Having discovered that, due to factors not related to the issues certified, the Mississippi Supreme Court did not proceed to a determination of the question in *Manookian*, this Court nevertheless opines that it would be inconsistent to allow the nonresident plaintiff to use § 79–1–27 to achieve a result which the Mississippi legislature eschewed when it amended the long-arm statute in 1980.

Finding, as it does, that there is no statutory basis for this Court to assert personal jurisdiction over La Roche, this Court finds it unnecessary to consider the defendant's federal due process argument. *See Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162 (5th Cir.1985), and *McDaniel v. Ritter*, 556 So.2d 303 (Miss.1989).

Finally, as this Court bases its decision wholly upon the inability of a non-resident plaintiff to sue a non-resident defendant under the "doing business" prong of the long-arm statute, this opinion does not address the defendant's argument of insufficiency of service of process.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion to Dismiss is hereby GRANTED.

SO ORDERED AND ADJUDGED.