873 F.2d 94
 William Edgar NAILEN, III, as personal representative of the
estate of Nancy Caroline Horn Brock, and on behalf
of the heirs at law of Nancy Caroline
Horn Brock, Plaintiffs-Appellants,
v.
FORD MOTOR COMPANY, Defendant-Appellee.
 No. 88-4630.
 United States Court of Appeals,
Fifth Circuit.
 May 22, 1989.
 
 Dennis Harmon, Colom & Colom, Columbus, Miss., William W. Smith, Hogan, Smith, Alspaugh, Samples & Pratt, Birmingham, Ala., for plaintiffs-appellants.
 David L. Ayers, Michael W. Ulmer, Watkins & Eager, Jackson, Miss., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before CLARK, Chief Judge, RUBIN and DAVIS, Circuit Judges.
 W. EUGENE DAVIS, Circuit Judge:
 
 
 1
 Plaintiff, William Nailen, III, appeals a judgment dismissing as time-barred his wrongful death action predicated on negligence and strict liability against Ford Motor Company. On appeal, Nailen argues that the district court erroneously applied the Alabama wrongful death statute, and its corresponding statute of limitations, to this diversity action. We affirm.
 
 I.
 
 2
 In October 1985, plaintiff's mother, Nancy Brock, was killed in an automobile accident in Mississippi while she and four other persons were driving from Birmingham, Alabama to Houston, Texas in a Ford Tempo. Two weeks later, plaintiff was appointed administrator of his mother's estate in Alabama. Plaintiff served ten months as administrator and was discharged in August 1986 when the estate was closed.
 
 
 3
 In January 1988, more than two years after Nancy Brock's death, plaintiff, an Alabama citizen, brought this wrongful death action predicated on negligence and strict liability against Ford Motor Company in Mississippi state court. Ford, a Delaware corporation, removed the suit to federal court. Ford later moved for summary judgment, arguing that Nailen's complaint was time-barred under Alabama's two-year limitations period and that Nailen lacked standing to bring an Alabama wrongful death claim because he was not the personal representative of Nancy Brock's estate at the time this suit was filed. The district court granted Ford's motion for summary judgment and dismissed the suit, Nailen v. Ford Motor Co., 690 F.Supp. 552 (S.D.Miss., 1988).
 
 
 4
 On appeal, Nailen argues that the Alabama wrongful death act, including its statute of limitations and requirement that the decedent's personal representative bring the action, does not apply to deaths that occur outside that state. Instead, Nailen asserts that the law of the situs should apply, and, under the substantive law of Mississippi, his complaint was timely filed by a proper plaintiff. We consider Nailen's conflict of laws argument below.
 
 II.
 
 5
 A Mississippi federal court sitting as a diversity court must apply Mississippi conflict of laws rules. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); Siroonian v. Textron, Inc., 844 F.2d 289, 291 (5th Cir.1988); Price v. Litton Systems, Inc., 784 F.2d 600, 602 (5th Cir.1986). In a tort or wrongful death action, the Mississippi state courts apply the "most substantial relationship" or "center of gravity" test to determine which state's substantive wrongful death and tort law applies to the case. Mitchell v. Craft, 211 So.2d 509, 514, 515 (Miss.1968); Siroonian, 844 F.2d at 291; Price, 784 F.2d at 602. The district court faithfully followed the Mississippi Supreme Court's decision in Mitchell, which expressly adopted the position on this issue advanced by Secs. 175 and 145 of the Restatement (Second) Conflict of Laws. These sections of the Restatement provide:
 
 
 6
 In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties, in which event the local law of the other state will be applied.
 
 
 7
 Restatement (Second) Conflict of Laws Sec. 175.
 
 
 8
 (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in Sec. 6.
 
 
 9
 (2) Contacts to be taken into account in applying the principles of Sec. 6 to determine the law applicable to an issue include:
 
 
 10
 (a) the place where the injury occurred,
 
 
 11
 (b) the place where the conduct causing the injury occurred,
 
 
 12
 (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
 
 
 13
 (d) the place where the relationship, if any, between the parties is centered.
 
 
 14
 Restatement (Second) Conflict of Laws Sec. 145.
 
 
 15
 Applying the most substantial contacts test, the district judge found that "absent the accident, all of the other contacts in this case point towards Alabama." Nailen, 690 F.Supp. at 554. Based on this finding, the district court concluded that the Alabama wrongful death act, including its two-year limitations period, governed this action.
 
 
 16
 On appeal, Nailen challenges the application of Alabama law on the theory that if this action had been filed in Alabama, an Alabama court would have applied Mississippi law. The parties agree that Nailen was a proper party to file this action under the Mississippi wrongful death act and that it was timely filed under that act. The parties also agree that Alabama courts follow the rule of lex loci delicti and would never apply the Alabama substantive wrongful death and tort law to deaths occurring outside of the state. Thus, the narrow question presented by this appeal is whether the district court correctly applied the Alabama death act.
 
 
 17
 First, Nailen argues that Alabama's wrongful death act does not apply to torts "committed in another state" and under the substantive law of Alabama, the law of Mississippi, the state where the accident occurred, should apply. Spencer v. Malone Freight Lines, 298 So.2d 20, 22 (Ala.1974). The fundamental flaw in Nailen's argument is that he confuses Alabama's conflicts rules with Alabama substantive tort and wrongful death law. Spencer simply states Alabama's "traditional conflict of laws rule of lex loci delicti ... [which] dictates that the substantive law of the state where the injury occurred is applied when suit is brought in Alabama." Bodnar v. Piper Aircraft Corp., 392 So.2d 1161, 1162 (Ala.1980). But this suit was filed in Mississippi, not Alabama, and Alabama's conflict of laws rule has no application. The extra-territorial application of Alabama's wrongful death statute is not foreclosed where, as here, the trial court correctly applied Mississippi conflict of laws principles which do not include the lex loci delicti rule.
 
 
 18
 As an alternate basis for applying Alabama conflicts law, Nailen argues that Mississippi conflicts law requires application of the entire law of Alabama, including Alabama's conflict of laws rules. This argument, in effect, invokes the controversial conflict of laws theory known as the renvoi doctrine.[1] Because renvoi is a conflicts doctrine, we look to Mississippi law to determine whether Mississippi recognizes the doctrine. Our research discloses no Mississippi authority which recognizes renvoi and none has been cited to us. Most commentators counsel against the adoption of this doctrine for substantially the same reason the district court refused to apply the doctrine: "[w]hat occurs is a never ending circular situation where the issue is forever batted from state to state." Nailen, 690 F.Supp. at 557-580. See also Goodrich, Conflict of Laws 20 (1949) ("The theory of renvoi has been the subject of much legal discussion, most of which has rejected its application in this country in all but a few citations"); 15A C.J.R. Sec. 7 ("The doctrine of 'renvoi' which requires inclusion of the foreign Conflict of Laws rule involved when the forum decides that foreign law is to be resorted to seems in general to be rejected by the greater number of the decisions in which the question has been considered"); Lorenzen, The Renvoi Doctrine and the Application of Foreign Law, 10 Col.L.Rev. 190, 344 ("The renvoi doctrine is, therefore, no part of the Conflict of Laws of the United States"); Roger Cramton, et al., Conflict of Laws: Cases, Comments, Questions 74 (1981).
 
 
 19
 We find no suggestion in the Mississippi authorities that the Mississippi courts would adopt the renvoi doctrine; in light of the authorities discussed above, we decline to take the initiative and adopt it for them. Under the Mississippi conflict of laws rules, the Alabama wrongful death statute is Nailen's only remedy. He brought this action more than three months after the statute of limitations had run and long after he had been discharged as administrator of the deceased's estate.
 
 
 20
 Accordingly, the judgment of the district court dismissing Nailen's action is
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 The renvoi principle is articulated in 11 Am.Jur. Sec. 3:
 The theory of the doctrine of renvoi is that the court of the forum, in determining the question before it, must take into account the whole law of the other jurisdiction, including not only the local law of such other jurisdiction, but also its rules as to conflict of laws, and then apply the law as to the actual question which the rules of the other jurisdiction prescribe.
 See also Restatement (Second) of Conflicts Sec. 8; Maroon v. State of Indiana, 411 N.E.2d 404, 413 (Ind.App.1980).