Mary Scarsella **BONTI**, Individually and as Administratrix of the Estate of Arthur Paul Bonti, Plaintiff,

v.

**FORD MOTOR COMPANY**, Defendant.

No. 2:94–cv–224DS.

United States District Court, S.D. Mississippi, Hattiesburg Division.

Sept. 13, 1995.

Thomas R. Frazer, II, Langston, Frazer & Sweet, Jackson, MS, for plaintiff.

David L. Ayers, Mark D. Jicka, Watkins & Eager, Jackson, MS, John R. Trigg, James D. Hinga, Parcel, Auro, Hultin & Spaanstra, P.C., Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on Motion for Summary Judgment filed on behalf of the Defendant. The Court, having reviewed the motion, the response, the briefs of the parties and the authorities cited and being otherwise fully advised in the premises finds as follows, to wit:

### FACTUAL BACKGROUND

On or about February 13, 1986, the Plaintiff, Mary S. Bonti, and her husband, Arthur Bonti, purchased a Ford Bronco II in Hillsboro, North Carolina. On or about June 24, 1989, Mary Bonti and her husband left their home in Durham, North Carolina, where they had been residents for over twenty-five years, in the Bronco II headed for Marietta, Georgia. On Interstate 85 near Gaffney, South Carolina, the Bronco II rolled over in a one-vehicle accident and killed Arthur Bonti. Mary Bonti allegedly suffered personal injury in the accident.

Arthur Bonti's estate was probated in North Carolina after his death. Mary Bonti still lives in the State of North Carolina. The subject vehicle was designed by the Defendant at its corporate headquarters in Michigan. It was built in Kentucky and shipped to a Ford dealer in Hillsboro, North Carolina. As stated previously, the Plaintiff and her husband purchased the Bronco II from the dealer in Hillsboro, North Carolina, and maintained it at their home in Durham. Ford is a Delaware corporation which is qualified to do business in Mississippi and which has corporate headquarters and its principal place of business in Michigan.

The Plaintiff filed her complaint in this action on June 17, 1994, alleging negligence, breach of warranty, misrepresentation and strict liability against Ford as the manufacturer of the Bronco II, which she alleges caused her injuries and the wrongful death of her husband. Ford has filed this Motion for Summary Judgment asserting that Plaintiff's action is barred by the applicable substantive law of North Carolina and specifically its statute of repose which bars all products liability actions brought more than six years after the initial purchase of the product.

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2549, 91 L.Ed.2d 265 (1986). A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir.1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil*

*Company v. OKC Corporation,* 812 F.2d 265, 272 (5th Cir.1987).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin,* 736 F.2d 175, 178 (5th Cir.1984).

■ The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods,* 687 F.2d 117 (5th Cir.1982). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir.1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In re Municipal Bond Reporting Antitrust Lit.,* 672 F.2d 436, 440 (5th Cir.1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed. R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods,* 687 F.2d at 119.

### WAIVER OF AFFIRMATIVE DEFENSES

■ Plaintiff's first assertion is that the Defendant Ford Motor Company has waived its right to assert the affirmative defense of the North Carolina statute of repose by failing to plead it specifically in its answer as required by Rule 8 of the Federal Rules of Civil Procedure. In response the Defendant points to its "Third Defense" on the second page of its Answer which provides:

The Plaintiff's claims may be barred by applicable statutes of limitation of other states including, but not limited to, those of South Carolina and North Carolina.

■ Plaintiff's position is that the statute of repose is not a "statute of limitation." It is true that a statute of limitation acts to extinguish, after a period of time, one's right to prosecute an accrued cause of action while a statute of repose limits potential liability by limiting the time during which a cause of action can arise. But they are both "limitations" upon one's right to proceed with a specific cause of action. The effect is the same. The statute of repose places a limit on the time within which the cause of action can accrue while a statute of limitations places a limit on the amount of time one has to proceed on a cause of action once it has already accrued. Section 1–50 is found in a code section designated as a statute of limitations. *See* N.C.Statute Ann. § 1–50 (1993). However, the North Carolina courts have construed § 1–50(6) as a statute of repose and not as a statute of limitations, per se.

Rule 8(c) of the Fed.R.Civ.P. provides "In pleading to a preceding pleading, a party shall set forth affirmatively ... statute of limitations...." Rule 8(e) provides "(1) each averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or motions are required." "All pleadings shall be so construed as to do substantial justice." Rule 8(f). As the Fifth Circuit has held, "The pleading of affirmative defenses is governed by the same liberal standards as those for a complaint. *See* 5 C. Wright & Miller, *supra,* § 1274 at 323." *Marine Overseas Services v. Crossocean Shipping,* 791 F.2d 1227, 1233 (5th Cir.1986).

■ Based on the foregoing, this Court is of the opinion that the Defendant sufficiently pled the affirmative defense of the North Carolina statute of repose. Having determined that Defendant pled the North Carolina statute of repose, the Court does not reach the question of waiver. Nevertheless, the Court would note that the Fifth Circuit in the case of *Lucas v. United States,* 807 F.2d 414 (5th Cir.1986) held:

Where the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precise with Rule 8(c) is not fatal. *Allied Chemical Corp. v. Mackay,* 695 F.2d 854, 855–56 (5th Cir.1983). That

is, the defendant does not waive an affirmative defense if '[h]e raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.' *Id.* at 856.

*Lucas,* 807 F.2d at 417–418. Of course, "[c]entral to requiring the pleading of affirmative defenses is the prevention of unfair surprise." *Ingraham v. United States,* 808 F.2d 1075, 1079 (5th Cir.1987). Simply put, when one can adequately confront and defend against an affirmative defense, there is no undue prejudice.

In the case at bar not only did the Defendant plead affirmatively the statutes of limitations of North Carolina and South Carolina, but it also has presented the issue of the statute of repose by way of summary judgment more than a year before the scheduled trial of this case. Plaintiff has fully responded to Defendant's Motion for Summary Judgment on that issue. The Plaintiff has not indicated that there is any information necessary to her to properly respond and defend against the affirmative defense of the statute of repose. Therefore, aside from the fact that the Court is of the opinion that the Defendant has properly pled the affirmative defense of the North Carolina statute of repose in the first place, the Court also finds that the Defendant raised the defense at a pragmatically sufficient time to allow the Plaintiff to respond without prejudice.

### CHOICE OF LAW

█ This is a diversity action and, therefore, this Court is bound to apply the law of the forum state. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This includes Mississippi's conflict-of-law rules. *Klaxon v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

█ Choice of law questions in Mississippi are governed by the "center of gravity"/"most significant relationship" test as set forth in the Restatement (Second) of Conflicts of Law. *See, Craig v. Columbus Compress & Warehouse Co.,* 210 So.2d 645, 649 (Miss.1968) and *Mitchell v. Craft,* 211 So.2d 509 (Miss.1968).

The Restatement (Second) § 145 governs choice of law questions in tort actions and provides:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

  (a) the place where the injury occurred,

  (b) the place where the conduct causing the injury occurred,

  (c) the domicile, residence, nationality, place of incorporation and place of business of the parties,

  (d) the place where the relationship, if any, between the parties is centered.

*McDaniel v. Ritter,* 556 So.2d 303, 310 (Miss. 1989). The Court has heretofore listed the relevant facts to which these factors are to be applied. In applying Mississippi's Choice of Law Rules to a particular set of facts, the Mississippi Supreme Court has stated;

First, the law of a single state does not necessarily control every issue in a given case. We apply the center of gravity test to each question presented, recognizing that the answer produced in some instances may be that the law of this state applies and on other questions in the same case the substantive law of another state is enforceable ...

Second, we recognize that there will be cases where, applying the center of gravity doctrine, we might conclude in the first instance that the law of another state should be applied. Where that law is contrary to the deeply ingrained and strongly felt public policy of this state, however, we have recognized that we may nevertheless apply and enforce this state's positive substantive law. *McNeal v Administrator of Estate of McNeal,* 254 So.2d 521, 524 (Miss.1971).

*Boardman v. United Services Auto. Ass'n,* 470 So.2d 1024, 1031 (Miss.1985).

Mississippi has also adopted Section 175 of the Restatement (Second) Conflict of Laws which deals with wrongful death actions. That section provides:

In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

The analysis under § 145 or § 175 is similar because both sections state that the court should apply the law of the state which has the most significant relationship with the occurrence and the parties in a particular case. In wrongful death actions, Section 175 gives a preference to the law of the place where the injury occurred while under Section 145, where the injury occurred is merely one of the factors considered in determining what state had the most substantial contact with the parties and the incident.

■ The parties do not disagree that the most significant relationship test is the one applicable to determine the choice of law questions presented in this case. The court must therefore decide, what state has the most significant relationship to the parties and to the occurrence in question. A summary of the facts indicates that at the time of the accident Arthur and Mary Bonti had resided in North Carolina for over twenty-five years and that Mary Bonti continues to reside in North Carolina to this date. The Bontis heard and saw advertising for the Bronco, purchased the vehicle, received delivery of the vehicle, titled, registered, insured, used, and had the Bronco II vehicle inspected and repaired in North Carolina. Arthur Bonti, who was the operator of the Bronco II at the time of the accident, had a driver's license issued by the State of North Carolina and after his death his estate was probated and administered in North Carolina. The Bontis had left their home in Durham, North Carolina, on a trip to Marietta, Georgia, on the date of the accident. The accident occurred in South Carolina, a few miles south of the North Carolina state line.

As pointed out previously, Ford is a Delaware corporation with its principal place of business and corporate headquarters in Michigan. The Bronco II was designed in Michigan, but constructed in Ford's plant in Louisville, Kentucky, and shipped from there to the Ford dealer in Hillsboro, North Carolina, where the Bontis purchased it.

After complete analysis of the contacts of the parties with all of the states, including Mississippi, the Court has concluded that the two states with the most significant relationship to the occurrence and to the parties are South Carolina and North Carolina. The Plaintiff strenuously argues that South Carolina law ought to be applied because the accident happened there. Of course South Carolina does not have the statute of repose which the Defendant has asserted would terminate this litigation if the Court uses North Carolina law.

In arguing that the substantive law of South Carolina should apply, the Plaintiff has argued that the location of the accident is the most important factor to consider under § 175 of the Restatement. However, § 175 provides that the Court should determine if some other state has a more significant relationship under the principles set forth in § 6 to determine which law to apply. Section 6 of the Restatement provides:

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

In the face of Plaintiff's argument that South Carolina is the state with the most significant relationship to the occurrence and the parties, the Defendants argue that in cases involving automobile trips or air travel which extend over several states, and when the accident occurs in some state other than the state of origin or the state of destination, the place of injury should be discounted because it is merely fortuitous. *See Nailen v. Ford Motor Co.,* 873 F.2d 94 (5th Cir.1989); *Price v. Litton Systems, Inc.,* 784 F.2d 600, 605 (5th Cir.1986).

This case is very similar on its facts to *Nailen v. Ford Motor Co., supra.* But for the occurrence of the accident in South Carolina, the parties have had no other contact in regard to this particular occurrence with the State of South Carolina. The accident occurring in South Carolina as indicated in the *Nailen* case was no more than a fortuitous event as concerns the facts presented which are relevant to this particular case. The State of North Carolina simply has a more significant relationship to the occurrence and to the parties before this Court. That conclusion is inescapable.

■ Once it has been determined which state is the "center of gravity" regarding the occurrence, Mississippi courts generally, as has been stated previously, employ the substantive law of the state having the most significant relationship to the litigation but applies its own laws in matters of procedure. *Davis v. National Gypsum Co.,* 743 F.2d 1132 (5th Cir.1984). Mississippi considers its own statutes of limitations to be a matter of procedure and, thus, will generally apply its own limitations periods. *Cowan v. Ford Motor Co.,* 719 F.2d 785 (5th Cir.1985). There is a significant exception to this general rule in those instances in which the limitations period of the state whose law would be applied by having the most significant relationship to the occurrence and the parties is "built-in" or "in the same enactment" as the statute which creates the right to the action thus becoming a substantive part of the enactment. *Price v. Litton Systems, Inc.,* 784 F.2d 600 (5th Cir.1986); *White v. Malone Properties, Inc.,* 494 So.2d 576 (Miss.1986). When deciding whether the North Carolina statue of repose is substantive or procedural, the Court is reminded that "Mississippi honors the construction given a statute by the courts of the state whose legislature enacted it." *Siroonian v. Textron, Inc.,* 844 F.2d 289, 292 (5th Cir.1988).

■ The North Carolina courts have unequivocally held that § 1–50(6) is a statute of repose and not a statute of limitations and as such is not merely procedural but that it is a part of the substantive law of that state. *See Bernick v. Jurden,* 306 N.C. 435, 293 S.E.2d 405, 413 (1982); *Boudreau v. Baughman,* 86 N.C.App. 165, 356 S.E.2d 907, 911 (1987); *Davidson v. Volkswagenwerk, A.G.,* 78 N.C.App. 193, 336 S.E.2d 714, 716 (1985); and *Bolick v. American Barmag Corp.,* 306 N.C. 364, 293 S.E.2d 415, 420 (1982). This court is bound to honor the holding of the North Carolina courts construing the statute enacted by the state's legislature. Judge Lee of this court has likewise found this section to be substantive and not procedural. *See Crouch v. General Electric Co.,* 699 F.Supp. 585, 591–92 (S.D.Miss.1988).

Plaintiff does not strongly assert that the North Carolina statute of repose at issue here is not substantive or that the court should otherwise impose Mississippi's statute of limitations to this action. She does make an argument that the North Carolina statute is repugnant to Mississippi's policy of allowing injured parties to seek redress against manufacturers of allegedly defective products without regard to when the product was sold.[1] But she also argues just as forcefully

---

1. The public policy exception to Mississippi's Choice of Law Rules holds that the substantive law of a foreign state, even though the foreign state has a more significant relationship to the parties and the action, will not be enforced where to do so would be offensive to deeply ingrained or strongly felt public policy of the state. However, the substantive law of the foreign state must be in conflict with the substantive law of the State of Mississippi. The Mississippi statute of limitations regarding products liability actions is a matter of procedure as set forth above. The North Carolina statute of repose has been found herein to be a substantive enactment

that South Carolina has the same policy since it has not enacted a statute of repose. She characterizes North Carolina's statute of repose as an "aberration." She thus continues to argue for the application of South Carolina law failing to realize that South Carolina's three-year wrongful death statute bars that part of her claim as discussed infra.

## LEX LOCI DELICTI AND SOUTH CAROLINA SUBSTANTIVE LAW

■ Plaintiff makes the argument that even if this lawsuit had been timely brought in North Carolina, the Plaintiff would not be barred by § 1–50(6) because the courts of North Carolina would have applied the substantive law of South Carolina as the place where the accident occurred. Plaintiff asserts that North Carolina follows the rule of *lex loci delicti* or "place of the wrong." The Plaintiff therefore reasons that even if the Court makes a determination that North Carolina substantive law would apply under the Mississippi choice of law rules, the Court still should apply the substantive law of South Carolina because that is what would have been applied in this action by courts in North Carolina.

The same argument was made by the plaintiffs in *Nailen*. In that case the plaintiffs were Alabama residents traveling through Mississippi when they were involved in an accident. The plaintiffs argued for the application of Mississippi law since the statute of limitations had run in Alabama. District Judge Dan Russell, applying Mississippi's choice of law rules, determined that the substantive law of Alabama should apply, which included Alabama's two-year statute of limitations for wrongful death. The plaintiffs argued on appeal that if the court had made the correct determination under Mississippi's choice of law rules that Alabama substantive law would apply, then the court should have applied the entire substantive law of Alabama which included the *lex loci delicti* rule. Under that rule, the courts in Alabama would have applied the law of the state where the accident occurred, which was Mississippi. The Fifth Circuit pointed out in addressing

the plaintiffs' argument in *Nailen*, such reasoning could lead to a never-ending, circuitous route in the search for whose law to apply to a given situation. This Court is bound by *Nailen*.

The *lex loci delicti* rule flows from the particular state's choice of law rules and not its substantive law. If this Court were applying the choice of law rules of North Carolina, and assuming that North Carolina follows the *lex loci delicti* rule, the Court would apply the substantive law of South Carolina. However, as in *Nailen*, this Court is not applying the choice of law rules of North Carolina, but of Mississippi, as is mandated by clear precedent and conceded by both parties. Mississippi's choice of law rules, as interpreted by this Court, clearly point to the application of North Carolina substantive law which does not include the application of the *lex loci delicti* rule (which is a procedural rule) but does include the application of North Carolina's statute of repose (which is substantive) which states:

> No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

N.C.Gen.Stat. § 1–50(6) (1993). This action is therefore barred under North Carolina's statute of repose.

## APPLICATION OF SOUTH CAROLINA LAW

The arguments of Plaintiff should be put into perspective. Plaintiff argues that the place of accident should require application of South Carolina law and relies upon *Mitchell* and *Hanley*. This argument is contrary to the holding in *Nailen* as set out above. But, even if Plaintiff should prevail on this single issue and the Court should apply South Carolina law, it would not help Plaintiff as Plaintiff's wrongful death claims would be barred under South Carolina's three-year wrongful death statute of limitation. *See*

by the North Carolina legislature. The public policy exception to the choice of law rules does not apply in this situation. *See, Boardman v.*

*United Services Auto. Ass'n.* 470 So.2d 1024, 1038–39 (Miss.1985).

S.C.Code Ann. § 15–3–530 (1993). This statute has been ruled substantive and an integral part of South Carolina's wrongful death statute because it establishes a right of action that did not exist at common law. *See Hemingway v. Shull*, 286 F.Supp. 243, 245 (D.S.C.1968). *See also Merchants Mutual Insurance Co. v. South Carolina Second Injury Fund*, 277 S.C. 604, 291 S.E.2d 667 (1982). As noted above, Plaintiff argues that if this action had been brought in either South Carolina or North Carolina, it would not have been barred by the substantive laws of those states. The fact that this action was brought in Mississippi, a state that has no connection whatsoever with this case, other than a more lenient statute of limitations/repose, rather than either North Carolina or South Carolina belies that argument.

The only way that Plaintiff could prevail in this case is to apply Mississippi's statute of limitation. Plaintiff has not argued that Mississippi's statute of limitation is applicable.

### CHOICE OF LAW—QUESTION FOR THE COURT

 As a final argument Plaintiff contends that the choice of law question is one that could properly be decided by the jury as a question of fact. Plaintiff is unmistakably in error. The question of choice of law is and always has been one for the Court in the first instance. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). *Trizec Properties, Inc. v. U.S. Mineral Products*, 974 F.2d 602 (5th Cir.1992); *Walls v. General Motors, Inc.*, 906 F.2d 143 (5th Cir.1990). If and only if there is a genuine issue of material fact regarding the application of the appropriate choice of law rules to the particular facts of the case is the issue properly submitted to the trier of fact. In this case, there is no such dispute.

The Court therefore finds that there is no genuine issue of material fact regarding the application of the North Carolina statute of repose, § 1–50(6), to Plaintiff's claims asserted herein. The Court finds that under Mississippi's choice of law rules, the substantive law of North Carolina applies; that § 1–50(6) is a statute of repose and is part of the substantive law of the state of North Carolina applicable to plaintiff's claims; and that

by applying that statute to this action, plaintiff's claims asserted against this defendant regarding the Bronco II purchased by her and her husband are barred since this action was filed more than six years after the Bronco's initial purchase by the Bontis. Section 1–50(6) may be an aberration. It may be harsh. However, that is a legislative matter and not a matter for this Court.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is granted and that Plaintiff's complaint filed against Ford Motor Company is dismissed with prejudice. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED.