**Steven R. OVERTURF**

v.

**PENN VENTILATOR, CO., INC.**

**Civil Action No. 95–3974.**

United States District Court,
E.D. Pennsylvania.

June 26, 1996.

---

Charles J. Weiss, Timoney, Knox, Hasson & Weand, Ft. Washington, PA, for Plaintiff.

Debbie Rodman Sandler, White and Williams, Philadephia, PA, for Defendant.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff Steven Overturf has sued his former employer, Defendant Penn Ventilator Corp., for its alleged discrimination against him based on his handicap. Plaintiff contends that when Defendant terminated his employment in 1994, it violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213 (1995) and the Pennsylvania Human Relations Act (PHRA), 43 Pa.Cons. Stat.Ann. §§ 951–63 (1991 & Supp.1994).

Defendant now seeks a summary judgment in its favor on both of these claims.[1]

## STANDARD OF REVIEW

In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

## DISCUSSION

Briefly stated, the factual background of this case is as follows. In 1992, Plaintiff was hired to manage one of Defendant's ten plants. Soon after, he was promoted to General Manager and given a salary raise. In contrast to Plaintiff's good fortune, Defendant experienced serious financial troubles and lost $5 million in 1992 and 1993. According to Defendant, Plaintiff was not an asset in curing its problems, and indeed, due to his high salary, was a detriment. For that reason, Defendant determined to fire Plaintiff. However, mere hours before Defendant planned to tell Plaintiff he was terminated, Plaintiff told Defendant's Vice President of Operations, Ted Sharpe, that he had a tumor

behind his eye. Because Defendant had already decided to terminate Plaintiff, Defendant asserts that his subsequent termination had nothing to do with his impairment.

Plaintiff's version of the events is different, however. He maintains that up to the point that Defendant learned of his impairment, he had been praised and rewarded by Defendant, assured of his continued employment and told that he would be the General Manager of his plant even after it was consolidated with a second plant later that year.

Defendant seeks summary judgment and argues that first, Plaintiff has failed to show that he is an individual with a disability as that is defined by the ADA, and second, that there is no material question of fact that Defendant had already decided to terminate Plaintiff when it learned of his tumor.

### 1. Whether Plaintiff has a Disability

The ADA only prohibits discrimination against qualified people with disabilities. A disability is:

1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

2) a record of such an impairment; or

3) being regarded as having such an impairment.

42 U.S.C. § 12102(2)(A). Courts must make these determinations on a case-by-case basis. *Smaw v. Commonwealth of Virginia*, 862 F.Supp. 1469 (E.D.Va.1994).

It is well established that not every physical impairment is a disability, because not every impairment substantially limits a life activity. *Nedder v. Rivier College*, 908 F.Supp. 66, 74 (D.N.H.1995). To determine whether an impairment is a disability, courts take a pragmatic, fact-intensive look at each plaintiff and determine:

1) the nature and severity of the impairment,

2) the duration or expected duration of the impairment, and

---

1. The PHRA is analyzed in the same manner as ADA claims. *Doe v. Kohn Nast & Graf, P.C.*, 862 F.Supp. 1310, 1323 (E.D.Pa.1994). For that reason, while the following discussion expressly addresses only Plaintiff's ADA claim, it also resolves his PHRA claim.

3) either the actual or the expected permanent or long term impact of or resulting from the impairment.

29 C.F.R. § 1630.2(j)(2). The key is whether the limitation is substantial, that is, what the *effect* that impairment has on the life of the individual. 29 C.F.R. § 1630.2(j). For example, if the affected major life activity is the act of working, courts ask whether the impairment poses a substantial barrier to all or most employment, or just one particular class or type of job. *Hughes v. Bedsole,* 48 F.3d 1376 (4th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 190, 133 L.Ed.2d 126 (1995); *Welsh v. City of Tulsa, Oklahoma,* 977 F.2d 1415, 1417 (10th Cir.1992). Or, if the affected activity is the act of walking, the plaintiff must show more than that he or she must use a handrail to climb stairs or must limit walking to less than one mile. *Kelly v. Drexel Univ.,* 907 F.Supp. 864, 874 (E.D.Pa.1995).

■ Here, Defendant argues that Plaintiff's eye condition does not substantially limit any of his life's activities. It points to Plaintiff's deposition testimony wherein Plaintiff agreed that his tumor only causes double and sometimes triple vision, but that he can compensate for this by adjusting his line of vision; that he has no peripheral vision; that he can drive a car, watch television and read and that his eye problem never interfered with his work. For this reason, Defendant argues that there is no showing of a substantial limitation of one or more of Plaintiff's major life activities.

Plaintiff contends that his vision is more restricted than the testimony adduced at his deposition would indicate. Because he has no peripheral vision and must position himself carefully to avoid double vision, he declares that he falls under 29 CFR § 1630.2(j)(1)(ii) in that he is significantly restricted in the condition or manner in which he performs the major life activity of seeing.

■ Even taking Plaintiff's evidence in the light most favorable to him, however, we agree with Defendant that Plaintiff has not shown evidence that creates an issue of fact as to whether his impairment substantially limits him in any way.[2] It appears from the evidence that Plaintiff has been able to overcome his impairment admirably. Furthermore, Plaintiff testified that his impairment never kept him from performing all of the tasks of his job. Whether this is due to the fact that he worked in a "controlled environment," the fact is that Plaintiff's impairment has not *substantially* limited either the manner in which he sees, or his ability to see. In fact, Plaintiff has voluntarily postponed medical treatment that has at least a fair chance of alleviating his problem. *Welsh v. City of Tulsa, Oklahoma,* 977 F.2d 1415, 1418 (10th Cir.1992) (citing cases). We find that Plaintiff's situation is similar to the one found in *Kelly,* in that Plaintiff's impairment substantially restricts him in certain ways, but that overall, this impairment does not substantially limit any major life activity, including his ability to see. 907 F.Supp. at 874.

■ Defendant also asserts that there is no evidence that it perceived Plaintiff as suffering from a disability. In support, it points to Plaintiff's concessions at his deposition that he never heard any conversations or heard reports of conversations about his medical condition or was told that he was unable to perform his job because of his condition. Defendant charges that Plaintiff's entire case is built only on his own belief that Defendant perceived him as disabled. This, Defendant properly declares, Plaintiff cannot do. *Poff v. Prudential Ins. Co. of America,* 911 F.Supp. 856, 859 (E.D.Pa.1996).

However, Plaintiff's case is not built on so shaky a foundation. Plaintiff submits sufficient evidence to create an issue of fact as to whether Defendant perceived him as dis-

---

**2.** Because of this finding, we do not address Defendant's argument that Plaintiff's impairment is completely curable by means of a simple six-week treatment program. Impairments of a limited duration are not considered disabilities. *Bonti v. Ford Motor Co.,* 898 F.Supp. 391 (S.D.Miss.1995), *aff'd,* 85 F.3d 625 (5th Cir. 1996); *Layser v. Morrison,* 95–1450, 1995 WL 734128 (E.D.Pa. Dec. 5, 1995). Plaintiff submits expert testimony that questions the efficacy of the proposed treatment. Therefore, there is a question of fact on this issue. It is not material, however, given our finding that the impairment, even if incurable, is not a substantial limitation on any of Plaintiff's major life activities.

abled. First, Plaintiff points to an alleged statement by Ted Sharpe, Defendant's Vice President of Operations, at a plant managers' meeting that Plaintiff had a brain tumor. There is a dispute over whether this statement was made to explain why Plaintiff was fired or whether it simply re-stated Plaintiff's own belief why he was fired. In addition, Sharpe allegedly told Plaintiff during his exit interview that today's business world, and especially Defendant, need youth, vigor and health and that Plaintiff was better off being terminated because he could concentrate on getting treatment and not let other things, like his job, take precedence over his health.

All this evidence is strongly contested by Defendant, but this is a motion for summary judgment, and we take Plaintiff's facts as true. Doing that, we determine that there is a question of fact as to whether Defendant perceived Plaintiff as disabled. Accordingly, we deny Defendant's motion for summary judgment on the ground that Plaintiff is not disabled under the ADA and PHRA.

### 2. Whether Plaintiff was Terminated on the basis of a perceived disability

■■■ Second, Defendant seeks summary judgment on the ground that there is no question as to the fact that it had already determined to terminate Overturf before it learned of his disability. On a motion for summary judgment, once a plaintiff has made a prima facie case, the burden falls on defendant to show legitimate, non-discriminatory reasons for its employment decision. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). In this effort, Defendant concedes that Plaintiff has met the easy task of establishing a prima facie case. *E.E.O.C. v. Metal Serv. Co.*, 892 F.2d 341, 347 (3d Cir.1990). On rebuttal, though, Defendant points to a significant amount of evidence supporting its position that it terminated Plaintiff as a cost-saving measure. Thus, the burden returns to Plaintiff to show that Defendant's proffered reasons are pretext for discrimination. *Id.* at 253, 101 S.Ct. at 1093–94.

Plaintiff's evidence is that before he was terminated, and during the time that Defen-

dant had allegedly already decided to fire him, Defendant assigned him several long-term projects. Further, Plaintiff testified that a few days before he was terminated, Sharpe told him that Plaintiff would be the General Manager of the new plant after his plant was consolidated with a second plant. This evidence casts doubt on Defendant's evidence that it had already decided to fire him.

In addition, Plaintiff asserts that the timing in this action indicates that his impairment caused his termination. *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 639 (3d Cir.1993) ("the timing of an employee's dismissal may raise an inference that an employer's purported reasons for terminating him were pretextual.") His evidence is that he met with Sharpe and told him that he had a benign tumor located behind his eye, that it caused blurry vision in certain glances, but did not affect his job, and that he was going to need radiation therapy every day. Sharpe immediately asked who else knew and indicated that he would speak with Defendant's President about Plaintiff's news. Between thirty minutes to an hour and a half later, Sharpe told Plaintiff that Plaintiff should start looking for another job because Defendant was not going to proceed with the consolidation.

Further, Plaintiff proffers some contested evidence that Defendant said that Plaintiff was being terminated on account of a brain tumor, that Plaintiff was told that his company needed youth, health and vigor and that his termination would enable him to focus on treating his impairment. Contrary to Defendant's arguments, these comments, if true, would not be mere "stray remarks" because they were made by decision-makers in the context of the termination. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 251, 109 S.Ct. 1775, 1791, 104 L.Ed.2d 268 (1989).

The Third Circuit has held that "factors such as the defendant's credibility, the timing of an employee's dismissal, and the employer's treatment of the employee could raise an inference of pretext which would make summary judgment for the employer inappropriate." *Josey*, 996 F.2d at 638–39. We must take Plaintiff's facts as true. Doing that, it

appears that Plaintiff has proffered slightly more than a mere scintilla of evidence; enough to lead to an inference that Defendant's proffered reasons are pretextual. For that reason, we deny Defendant's motion for summary judgment.

An appropriate Order follows.

## ORDER

AND NOW, this 26th day of June, 1996, upon consideration of Defendant's Motion for Summary Judgment and responses thereto, the Motion is hereby DENIED in accordance with the attached Memorandum.